In the Matter of Ernesteen (NMN) COBURN, Debtor.

AMERICAN BANK, Claimant,

v.

Ernesteen (NMN) COBURN, Respondent.

Bankruptcy No. 81–03074–W–13.

United States Bankruptcy Court, W.D. Missouri, W.D.

Nov. 17, 1983.

Bruce E. Strauss, Shockley, Reid & Koger, Kansas City, Mo., for claimant.

James H. Green, Kansas City, Mo., for respondent.

### ORDER DETERMINING METHOD OF COMPUTATION OF POSTPETITION INTEREST

DENNIS J. STEWART, Bankruptcy Judge.

The issue before the court in this case is that of the proper computation of the amount to be paid to an oversecured creditor in a chapter 13 case. The claimant, American Bank, contends that it should receive the balance due as of the date of the chapter 13 petition enhanced by the amount in arrears as of the date of the commencement of the chapter 13 plan plus interest on that total sum at the contract rate for the duration of the plan.[1] It is the contention of the secured creditor that the result is commanded by § 1325(a)(5)(B)(ii) insofar as it requires that a secured creditor receive the value of its security as of the effective

---

1. In the claimant's posthearing brief, its contentions are stated as follows: "The claimant, American Bank, filed a secured claim in this case in the sum of $413.46. The claim was allowed as fully secured in that amount on November 30, 1981. At the hearing on claimant's objection to suspension of payments the debtor claimed that approximately $1600.00 remained due to claimant, while claimant expressed a balance due of approximately $3,000.00. The witness for the claimant testified that the difference reflected interest earned over the period of the pay out under the plan.

The original claim amount contained no unearned interest. Section 1325(a)(5)(B)(ii) states that a chapter 13 plan must provide that: 'the value, as of the effective date of the plan, of property to be distributed under the plan on account of such (secured) claim is not less than the allowed amount of such claim, ...' The only feasible method of providing that, over a period of time, a secured creditor will receive the future equivalent of the present value is to allow for interest on the claim. The courts are divided on how to determine the proper discount rate."

date of the plan.[2] The debtor, on the other hand, contends that traditional bankruptcy law and the provisions of § 506(b) of the Bankruptcy Code prohibit the awarding of postbankruptcy interest to a secured creditor when the value of the collateral does not exceed the balance due the secured creditor and grants postpetition interest otherwise only to the extent that the value of the collateral exceeds the balance due.[3] In this case, the different formulae proposed by the adverse parties would, in their application yield widely divergent results because of the 20% rate of interest provided for in the security agreement between the parties.[4]

This court agrees with the principle that, in the instance of an oversecured creditor, postpetition interest can be paid, in the discretion of the court, as provided in the agreement between the parties, up to the point where it, when added to total principal to be paid and allowable costs and fees, equals the value of the collateral.[5] Beyond the point of equality with the value of the collateral, however, there is no authority, statutory or otherwise, for awards of interest at the contract rate. The sole purpose of any award of interest beyond the value of the security is to ensure that, within the meaning of § 1325(a)(5)(B)(ii), *supra,* the secured creditor receives through the plan the full value of its security, measured *as of the effective date of the plan.* Accordingly, such interest is as awarded for this purpose should be awarded at a rate which will grant the creditor the equivalent in value of its security as of the effective date of the plan. It should therefore be awarded at the rate at which the creditor could earn interest on the value of security if it were actually paid the cash equivalent on the effective date of the plan. In the absence of evidence to the contrary, this "market rate" is presumed to be the "legal rate" provided under the governing state statute. In our state, this rate is 9%, as provided by § 408.020 R.S.Mo.[6]

Accordingly, a secured creditor should as a matter of course be paid interest at the contract rate up to the point where the total amount of principal, interest and fees and costs equal the value of the security. Thereafter, interest should be payable only at the "market rate" or "legal rate" on the principal balance or the value of the collateral, whichever is lower. In the absence of evidence as to the "market rate," the "legal rate" should be applied. It follows from these principles that an undersecured creditor can be paid postpetition interest at the "market" or "legal" rate on the value of its security.

It is therefore, for the foregoing reasons,

ORDERED that the postpetition interest due to the claimant be computed at the contract rate to the point that principal and interest and fees and costs equal the value of the security and thereafter at the "market" or "legal" rate on the principal balance due at the time of the filing of the petition until date of payment.

---

**2.** See note 1, *supra.*

**3.** See section 506(b) of the Bankruptcy Code to the following effect: "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges *provided under the agreement* under which the claim arose." (Emphasis added.)

**4.** Approximately $3,000 difference exists between the amount contended for by the claimant and that which the debtor insists to be the proper amount of the claim.

**5.** See note 3, *supra.*

**6.** "Creditors shall be allowed to receive interest at the rate of nine per cent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made."