**In the Matter of Robert P. JOHNSTON and Merideth A. Johnston, Debtors.**

**FORD MOTOR CREDIT COMPANY, Claimant,**

v.

**Robert P. JOHNSTON and Merideth A. Johnston, Respondents.**

**Bankruptcy No. 84–01303–W–13.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Oct. 2, 1984.

Jeffrey L. Lucas, Kuraner and Schwegler, Kansas City, Mo., for claimant.

Maurice B. Soltz, Soltz and Shankland, Kansas City, Mo., for respondents.

### ORDER DENYING POSTBANKRUPTCY INTEREST ON SECURED PORTION OF CLAIMANT'S CLAIM EXCEPT LEGAL INTEREST ON DECLINING BALANCE

DENNIS J. STEWART, Bankruptcy Judge.

The claimant timely filed its claim in these chapter 13 proceedings for a total sum of $4,680.85 and asserted in the proof of claim form that its collateral had a value of $4,050.00. Accordingly, the chapter 13 trustee filed an "objection to claim no. 05" on May 10, 1984, in which the claimant's claim was allowed as a secured claim in the sum of $4,050.00 "plus 21.950% interest to contract value." The trustee further purported to allow the unsecured portion of the claim in the remaining sum of $630.85 without interest. This computation appears not to have comported with this court's prior decision in *Matter of Coburn*, 36 B.R. 550, 551 (Bkrtcy.W.D.Mo.1983), to the effect that "an undersecured creditor can be paid postpetition interest at the 'market' or 'legal' rate on the value of its security." A form order nonetheless was entered on May 10, 1984, allowing the claim in accordance with the recommendation of the chapter 13 trustee.

The respondent debtors, however, have now interposed an additional objection to the allowance of the claim of the claimant in the manner proposed by the trustee and previously directed by the court. The substance of this objection is that a lesser rate of interest than the contract rate would be appropriate to be charged.

The debtors' objection is, as noted above, somewhat supported by the court's prior decision in *Matter of Coburn, supra.* The claimant's view that detracting from the contract rate is an unlawful or unwarranted encroachment on contract rights ignores the well-established and traditional legal principles which do not admit of the paying of postbankruptcy interest to unsecured and undersecured creditors and which further hold that, even with respect to oversecured creditors, awards of interest must be bounded by the value of the property and further so surrounded by equitable principles that awards of postbankruptcy interest may still be denied in the discretion of the bankruptcy court.[1] This latter

---

1. "With regard to interest on bankruptcy claims generally, the general rule is well settled that interest will be allowed only to the extent that it has accrued on an interest-bearing obligation to the date of the filing of the bankruptcy petition. Interest accruing on a secured debt after filing of the bankruptcy petition will accordingly not be allowed if the security is inadequate to pay the principal amount in full... But the bankruptcy court may exercise its underlying equity jurisdiction to deny such interest, notwithstanding sufficiency of security ..." 9 Am.Jur.2d *Bankruptcy* para. 483.

rule is codified into the current bankruptcy law by means of section 506(b) of the Bankruptcy Code, which provides as follows:

"To the extent that an allowed secured claim is secured by property the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided under the agreement under which such claim arose."

This section "codifies current law by entitling a creditor with an oversecured claim to any reasonable fees (including attorney's fees), costs, or charges provided under the agreement under which the claim arose." Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5854. As the statute makes clear, if the creditor is oversecured, the rate of interest to be paid is the contract rate. "If it is legal, the rate of interest allowable is usually that which the bankrupt has agreed to pay." 8A C.J.S. *Bankruptcy* section 422, p. 857 (1962). But the invocation of this rule in the first place requires that "the security or its proceeds are sufficient for that purpose." *Id.* at 858. Consequently, when the creditor is undersecured, and there is therefore no surplus value of the property to provide a sufficient basis for the award of postbankruptcy interest under this rule, the general rule is that no postbankruptcy interest can be awarded. "If ... the security is insufficient to pay both the principal with interest to the date of the petition and interest accruing thereafter, the secured creditor cannot be allowed the latter interest with, or as an unsecured claim for, a deficiency; nor can he first apply the security or its proceeds to interest accrued since the filing of the petition and to the principal and then prove a claim for the balance without deducting the amount applied to such interest ..." *Id.*

■ Rather, a different rule applies with respect to postbankruptcy interest which may be payable on an undersecured debt. It is said that an undersecured creditor

"may first apply interest or income earned on the security after the filing of the petition to interest thereafter accruing on the debt." *Id.* "This rule is applied when the debt is secured by mortgage on real estate or collateral which yields interest or dividends during the pendency of the proceedings, in which case the income is applied to payment of the interest until the day of the sale." *Littleton v. Kincaid,* 179 F.2d 848, 852 (4th Cir.1950). Thus, when, as in chapter 13 proceedings, the interest-bearing value of the property itself is kept in the estate, it appears proper to award postbankruptcy interest at the market or legal rate to compensate the creditor for loss of this interest potential. And, since this interest is bounded by the value of the collateral, it must recede as that collateral is progressively paid for. Accordingly, when the balance due is brought down to points below the value of the collateral, then the interest is paid on the declining balance due.

In consonance with these principles, in chapter 7 proceedings, in which the secured property which is brought into an estate is ordinarily promptly liquidated, little or no postbankruptcy interest can be paid to the undersecured creditor on the ground of interest actually or potentially earned after the date of bankruptcy. Accordingly, the essential postulate of section 506(b) is that little or no postbankruptcy interest is earned in a liquidation proceeding.

■ In a chapter 13 proceeding, however, the secured property, by operation of law, remains throughout the proceedings in the custody and control of the debtor.[2] The power of its value, therefore, to earn interest is pre-empted by the debtor and given over to his use, enjoyment and benefit. The debtor (and hence the chapter 13 estate) accordingly obtains the benefit of the interest-earning power of the property, and this is a benefit which requires compensation to the secured creditor who otherwise would be entitled to possession, use and enjoyment. Accordingly, section

---

**2.** "Except as provided in a confirmed plan or order confirming a plan, the debtor shall re-main in possession of all property of the estate." Section 1306(b) of the Bankruptcy Code.

1325(a)(5)(B)(ii) of the Bankruptcy Code requires that a secured creditor in a chapter 13 proceeding receive the value of his security as of the "effective date of the plan," including the interest for future distraint of the property. The foregoing considerations and authorities make it clear that this is an element of interest separate and apart from the interest which is awardable under the agreement between the parties and to the extent that there is a surplus of value of the security over the balance due the creditor. It follows that, as this court has previously observed in *Matter of Coburn, supra,* the contract rate of interest is not applicable; that the interest is awardable only at the market or legal rate, which the general law recognizes to be applicable as compensation for deprivation of a possessory interest in property.[3] In the absence of a statement or showing of the current market rate, as in the case at bar, the legal rate of interest, 9% in Missouri, on the value of the collateral and, when the declining balance reaches a lower value, on that declining balance, is all that is payable. *Matter of Coburn, supra.*

As a matter of dictum, in light of the foregoing considerations, the rule of *Matter of Coburn, supra,* does not require that more be paid to an oversecured creditor than is permitted by the law. It is true that the rule of that case would permit an oversecured creditor to be paid, in addition to the amounts allowable under section 506(b) of the Bankruptcy Code, "interest ... at the 'market rate' or 'legal rate' on the principal balance or the value of the collateral, whichever is lower." 36 B.R. at 551. But the applicability of this rule, in most imaginable circumstances, is likely restricted to cases in which the cumulative total of interest, attorney's fees and costs under section 506(b) would, together with principal, exceed the value of the collateral. Thus, by application of section 506(b), an oversecured creditor would become an undersecured creditor of sorts. In such cases, the extra interest at the market or legal rate on the value of the collateral or the lower balance would be credited against the total sum due just as in the case of an undersecured creditor, an instance of which is the matter at bar.

It is therefore, for the foregoing reasons,

ORDERED that the claimant's claim be allowed to the extent of the value of its security, the sum of $4,050.00, as a secured claim, plus interest on the declining balance attributable to value at the rate of 9% per annum and otherwise as an unsecured claim.

---

3. See, e.g., *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Fuel Oil,* 530 F.Supp. 1074, 1082, 1083 (E.D.Mo.1981), affirmed 704 F.2d 1038 (8th Cir.1983).