In the Matter of Terry Hindricks FAUL, and Stephanie Gay Faul, Debtors.

FIRST BANK OF DEKALB COUNTY, Objecting Creditor,

v.

Terry Hindricks FAUL, and Stephanie Gay Faul, Respondents.

Bankruptcy No. 85–00780–SJ–13.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 4, 1986.

Robert Miner, Watkins, Boulware, Lucas & Miner, St. Joseph, Mo., for objecting creditor.

Mark G. Stingley, Utz, Litvak, Thackery & Taylor, St. Joseph, Mo., for respondents.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DETERMINING RATE OF INTEREST TO BE PAID TO OBJECTING CREDITOR

DENNIS J. STEWART, Chief Judge.

Now before the court as a result of the hearing of March 26, 1986, in St. Joseph, Missouri, is the question of the amount of postbankruptcy interest which is to be granted the secured creditor. Prior to the hearing on the abovementioned date, the parties stipulated to the oversecured status of the objecting creditor. More specifically, they stipulated that the property on which the objecting creditor holds its valid and perfected security interest has a value of $8,000 and that the balance due against it is $4,891.88.

Under such circumstances, the prior decisions of this court in *Matter of Johnston,* 44 B.R. 667 (Bkrtcy.W.D.Mo.1984), and *Matter of Coburn,* 36 B.R. 550 (Bkrtcy.W. D.Mo.1983), dictate the result. Under the rules applied and enunciated in those cases, "a secured creditor should as a matter of course be paid interest at the contract rate up to the point where the total amount of principal, interest and fees and costs equal the value of the security. Thereafter, interest should be payable only at the 'market rate' or 'legal rate' on the principal balance or value of the collateral, whichever is lower." *Matter of Coburn, supra,* at 551.[1]

---

1. "Beyond the point of equality with the value of the collateral ... [t]he sole purpose of any award of interest ... is to ensure that, within the meaning of § 1325(a)(5)(B)(ii) ... the secured creditor receives through the plan the full value of its security, measured *as of the effective date of the plan.*" 36 B.R. at 551. (Emphasis added). "[W]hen, as in chapter 13 proceedings, the interest-bearing value of the property itself is kept in the estate, it appears proper to award postbankruptcy interest at the market or legal rate to compensate the creditor for loss of this interest potential." *Matter of Johnston,* 44 B.R. 667, 669 (Bkrtcy.W.D.Mo.1984). Cf. *In re American Mariner Industries, Inc.,* 734 F.2d 426, 435 (9th Cir.1984). ("To the extent that the debtor in bankruptcy can prevent the secured creditor from enforcing its rights against collateral while

This method of calculating postbankruptcy interest, which recognizes the "lost opportunity" interest of the creditor, or the interest against "delay in enforcement" of the secured creditor's rights, and compensates it separately, has both its proponents, see, e.g., *In re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984), and its critics. Among the latter is the chief hornbook on bankruptcy, which contends that the rate of postbankruptcy interest to be imposed in a chapter 13 case is *only* that which it takes to grant the creditor the value of its claim as of the "effective date of the plan" within the meaning of section 1325(a)(5)(B)(ii) of the Bankruptcy Code. That rate is defined by the editors of the treatise as "the discount rate which the court determines under the circumstances (including prevailing market rates of interest, the creditworthiness of the debtor, maturity, regularity of payment and other payment terms, and the nature of the collateral) best reflects the present value of the payments to be made to the holder of the subject secured claim under the chapter 13 plan. Section 506(b) has no application in this context." 2 Collier on Bankruptcy ¶ 506.05, p. 506–37 (15th ed. 1985). These statements, however, ignore not only the express provisions of the Bankruptcy Code which make § 506(b) expressly applicable in chapter 13 proceedings,[2] but also would ignore the requirement of § 1325(a)(5)(B)(ii) that a secured creditor receive as much in chapter 13 proceedings as it would have received in straight liquidation proceedings under chapter 7 proceedings. And, as this court has pointed out in *Matter of Coburn, supra,* and *Matter of Johnston, supra,* the application of § 506(b) in chapter 7 proceedings vouchsafes to an oversecured creditor that it should receive interest at the contract rate so long as the property is under

distraint by the trustee until the date of sale and distribution of the proceeds to the oversecured creditor.[3] The rule contended for by the commentators would comply with the statutes which govern chapter 13 proceedings only in a case in which the affected creditor is an undersecured creditor or in a case in which an oversecured creditor has been placed on the same plane which an undersecured creditor by payment of the entirety of principal and due interest on the effective date of the plan. In such a case, it seems reasonable to permit protection of the creditor's remaining value at the "discount interest" rate, as in a chapter 7 case.[4] But when deferred periodic payments are utilized, as in the case at bar, the clear requirement of the provisions of chapter 13 are that contract interest must be allowed according to the formula stated in *Matter of Coburn, supra.* Accordingly, it is hereby

ORDERED that the chapter 13 trustee compute interest to be awarded to the objecting creditor in accordance with the foregoing considerations.

---

the debtor benefits from the creditor's money, the debtor and his unsecured creditors receive a windfall at the expense of the secured creditor.")

**2.** "Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11 or 13 of this title." Section 103(a) of the Bankruptcy Code.

**3.** "[W]hen the debt is secured by mortgage or real estate or collateral which yields interest or dividends during the pendency of the proceedings, in which case the income is applied to payment of the interest until the day of the sale." *Littleton v. Kincaid,* 179 F.2d 848, 852 (4th Cir.1950).

**4.** See note 1, *supra.*