In re Robert F. BRUMLOW and Vicky Sue Brumlow, Debtors.

Bankruptcy No. 87–2309–8P3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 13, 1989.

James M. Heptner, Tampa, Fla., for debtors.

Chris Larimore, Bradenton, Fla., Trustee.

Shirley C. Arcuri, Tampa, Fla., for Barnett Bank of Polk Co.

## ORDER ON MOTION FOR IMPOSITION OF SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 13 case and the matter is presented for this Court's consideration by a Motion for Order to Show Cause. The Motion is filed by Robert F. Brumlow and Vicky Sue Brumlow, his wife, (Debtors) who sought an Order from this Court directing Barnett Bank of Polk County (Barnett) to appear and show cause, if it has any, why it should not be sanctioned for willful violation of an Order of this Court and the automatic stay imposed by § 362 of the Bankruptcy Code.

The facts as appear from the record, including the Motion and Response filed by Barnett, are without dispute and can be summarized as follows:

On May 22, 1987, the Debtors filed their Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. Their Chapter 13 Plan, filed with the Petition, provided, inter alia, for treatment of Barnett's claim. On February 9, 1988, this Court entered an Order and confirmed the Plan which provided, inter alia, that the trustee shall pay the secured value of the claim of Barnett in the amount of $8,000, in full, and make a pro rata distribution to unsecured creditors which shall include the unsecured deficiency claim of Barnett in the amount of $16,540.51.

On February 18, 1988, the Court entered an Order and allowed the claim of Barnett as a secured claim in the amount of $8,000 and as an unsecured claim in the amount of $16,540.51. Neither the Order Confirming Plan nor any other Order entered in this case included a provision to pay interest or attorney fees to Barnett on its secured claim. Barnett failed to challenge the Order of Confirmation or the Order Allowing Claims nor did it seek a reconsideration of the Order which determined that Barnett holds a partially secured and partially unsecured claim, or the Order of Confirmation. The record reveals that the trustee made a

distribution and made payments pursuant to the confirmed Plan, including payments to Barnett.

It appears that one of the vehicles which was the collateral secured by a lien held by Barnett was damaged and the insurance company issued a check in the amount of $3,495. The check was payable jointly to the Debtors and to Barnett, who was named in the policy as loss payee. It appears that the Debtors, having endorsed the check, requested Barnett to endorse same but Barnett, rather than turn over the proceeds to the Debtors, demanded that the Debtors pay an additional amount $492.21, Barnett claimed that the Debtors owed $1,699.63 for attorney fees and $1,203.08 in interest. In addition, Barnett, even when requested, refused to deliver the title to the vehicles. It appears that Barnett also applied the excess of the insurance check to its unsecured claim which would have been paid pursuant to the terms of the confirmed plan.

Barnett, in its defenses set forth in its Response, contends that it was legally entitled to the proceeds of the insurance check; that it is entitled to charge interest on the secured portion of its claim; *citing, In re Johnston*, 44 B.R. 667, 12 BCD 744 (W.D. Missouri 1984); and that it complied with all orders of this Court in good faith and that the matters complained of by the Debtors are simply the result of confusion and legal dispute.

Unfortunately, the facts of this case which are not in dispute do not bear out the contentions advanced by Barnett. First, there is no question that Barnett had no legal justification whatsoever to charge interest on its secured claim for the simple reason that neither the Order confirming the plan nor the Order Allowing Secured Claim provided for the payment of interest. None of these Orders having been appealed, they are final and binding orders. Next, Barnett was clearly not justified in charging attorneys fees. While Barnett was justified to withhold title to the vehicles until its secured claim was paid in full, it had no business to demand additional payment nor to refuse to turn over the proceeds of the insurance check to the Debtors or at least to the trustee.

This being the case, it is clear that Barnett did violate the automatic stay still in effect by virtue of § 362(c)(2)(C) by unilaterally and by self help without Court authority, appropriating the entire proceeds of the check issued by the insurance company. The contention of Barnett that the proceeds of the check was not property of the estate by virtue of § 541(d) of the Bankruptcy Code is not supported by case law. While it is true that as a named loss-payee Barnett had a beneficial interest in the proceeds of the insurance check, clearly any excess amount over and above was property of the Debtors' which could not be charged with unauthorized interest and attorney fees. In light of the foregoing, this Court is satisfied that the Debtors' Motion for Imposition of Sanctions is appropriate pursuant to § 362(h) inasmuch as Barnett clearly violated § 362(c)(2)(C) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Imposition of Sanctions pursuant to § 362(h) be, and the same is hereby, granted and pursuant to that Section, Barnett shall pay to the Debtors, within fourteen (14) days from the date of entry of this Order, the sum of $500.