**In re Jimmie and Diane ADAMS, Debtors.**

**In re Julius Emanuel RHODES, Jr., Debtor.**

**In re Walter and Corliss GETER, Debtors.**

**In re Ronald Gentry STEWART and Lu-cille Marie Williams Stewart, Debtors.**

**Bankruptcy Nos. 89-04024-M13, 89-04431-M13, 89-04493-M13 and 89-04615-M13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Sept. 28, 1990.

Nathan H. Goldberg, St. Louis, Mo., for Jimmie and Diane Adams.

T.J. Mullin, Clayton, Mo., for Rhodes, Geters and Stewarts.

Carolyn C. Whittington, Clayton, Mo., for Community Federal.

John V. LaBarge, Jr., St. Louis, Mo., Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### I. INTRODUCTION

The cases before the Court involve objec-tions to the confirmation of or the payment of claims under these Debtors' Chapter 13 plans raised by Community Federal Sav-ings and Loan Association ("Community Federal"). Because similar factual and le-gal issues are involved in these cases, this Memorandum serves to procedurally con-

solidate the cases, and thus, enables this Court to expeditiously address common questions of law.

## II. JURISDICTION

This Court has jurisdiction over the parties and subject matter of these proceedings pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. These are "core proceedings" pursuant to 28 U.S.C. §§ 157(b)(2)(L) & (O), which the Court may hear and determine.

## III. FACTUAL BACKGROUND

The relevant facts in all of these cases are not disputed. Community Federal holds notes secured by first deeds of trust covering the principal residences of each of these Debtors. The notes represent loans in various amounts, each with its own particular date of maturity and rate of interest. All of the Debtors have defaulted on their loans. Community Federal has filed a timely proof of claim in each of the proceedings and is an oversecured creditor in each case. The proofs of claim recount the principal balances due under each of the notes and set forth claims for arrearages that accrued pre-petition.

Each of the Chapter 13 plans contemplates payment of the principal balance outside of the plan, with payments to be made by the Debtors directly to Community Federal according to the original terms of the individual loans. In addition, the plans propose to cure default through monthly payments made under each Debtor's Chapter 13 plan. Community Federal has objected to the provisions contained in each plan regarding cure of default, because none provide for the payment of post-confirmation interest on pre-petition arrearages. Therefore, the issue presented in the four cases currently under submission is whether an oversecured creditor, whose sole security is the Debtors' principal residence, is entitled to interest on pre-petition mortgage arrearages cured under a Debtor's Chapter 13 plan.

## IV. THE CASES

A. Jimmie and Diane Adams filed their petition for protection under Chapter 13 of the Bankruptcy Code on September 22, 1989. Community Federal holds a note secured by a first deed of trust covering the Debtors' principal residence and is listed as an oversecured creditor on the Debtors' Schedules. The note and deed of trust represent a loan made to Debtors in the amount of $17,250.00, payable in monthly installments at a rate of interest of 7% per annum. These documents were executed by the parties on June 26, 1972. Community Federal filed its timely proof of claim on October 30, 1989.

At the time of filing, the Debtors had failed to make payments of principal and interest for the months of April through September 1989 and, as a result, they are in arrears on their loan in the total amount of $1,147.04. The Debtors propose to pay down this arrearage through the plan within 24 months. In addition, the Debtors' plan provides that they will make payments directly to Community Federal pursuant to the original terms of the note of June 26, 1972.

On February 8, 1990, Community Federal filed its Objection to the Trustee's Motion To Clarify, Allow And Pay Claims. A hearing was held on March 6, 1990, and the parties requested the opportunity to file briefs on the matter. Community Federal filed its brief in support of its Objection To Trustee's Motion To Clarify, Allow And Pay Claims on March 20, 1990. The Trustee filed its responsive brief on April 5, 1990. At the request of the parties, the Court took the matter under submission.

B. Julius Emanuel Rhodes, Jr. filed his petition for relief under Chapter 13 on October 19, 1989. Community Federal is listed on the Debtor's Schedules as the holder of a note secured by a first deed of trust on the Debtor's principal residence. The parties do not dispute that Community Federal is an oversecured creditor. On November 28, 1989, Community Federal filed its proof of claim in the amount of $45,829.85. Community Federal attributes $7,460.32 of its claim to pre-petition arrearage and re-

quests post-confirmation interest as part of the cure proposed under Debtor's Chapter 13 plan.

On April 4, 1990, the Trustee filed its Motion To Clarify, Allow And Pay Claims. Community Federal filed its Objection to Trustee's Motion on April 9, 1990, and the Court also took this matter under submission.

C. Walter and Corliss Geter filed their petition for protection under Chapter 13 on October 25, 1989. Community Federal is the holder of a note secured by a first deed of trust on the Debtors' principal residence dated June 12, 1980. Community Federal is an oversecured creditor and it has filed a timely proof of claim in the amount of $17,026.85. Community Federal attributes $1,721.80 of its claim to pre-petition arrearage and requests post-confirmation interest at the contract rate of 11.50% on the arrearage as an incidence to cure under the Debtors' Chapter 13 plan.

On April 4, 1990, the Trustee filed its Motion To Clarify, Allow And Pay Claims. Community Federal filed its Objection to the Trustee's Motion on April 9, 1990. After a hearing was held on May 1, 1990, and at the request of the parties, the Court took the matter under submission.

D. Ronald Gentry Stewart and Lucille Marie Williams Stewart filed their petition for protection under Chapter 13 on November 1, 1989. Community Federal is the holder of a note secured by a first deed of trust on the Debtors' principal residence dated April 8, 1973. The parties do not dispute that Community Federal is an oversecured creditor holding an allowed claim in this case. Community Federal's proof of claim attributes $434.08 of its secured claim to pre-petition arrearage.

On April 9, 1990, Community Federal filed its Objection To Trustee's Motion To

Clarify, Allow And Pay Claims. Community Federal objects to the payment scheme proposed under Debtors'. confirmed Chapter 13 plan because it fails to include a provision for the payment of interest on Community Federal's pre-petition arrearage claim. On May 9, 1990, a hearing was conducted to consider Community Federal's objection, and upon the request of the parties, the court took the matter under submission.

## V. CONCLUSIONS OF LAW

Community Federal asserts that it is entitled to post-petition interest on its arrearage claims pursuant to 11 U.S.C. § 506(b) and 11 U.S.C. § 1325(a)(5)(B). Section 506(b) merely permits interest to accrue on an oversecured claim during the period from the petition to confirmation in order to establish the extent of the claim. *See, In re Corliss*, 43 B.R. 176, 178 (Bankr.D. Or.1984). Other Code sections control the method and manner of distribution under a Chapter 13 plan.[1] Moreover, a number of courts have held that § 506(b) is not applicable to a claim for arrearages against a Chapter 13 mortgagor. *See, e.g., Appeal of Capps*, 836 F.2d 773 (3rd Cir.1987); *In re Terry*, 780 F.2d 894 (11th Cir.1987); *In re Laguna*, 114 B.R. 214, 20 BCD 891, 892 (9th Cir. BAP 1990) *appeal filed*, No. 90–15715 (9th Cir. May 29, 1990); *In re Brady*, 86 B.R. 166 (Bankr.D.Minn.1988). *But see, In re Colegrove*, 771 F.2d 119 (6th Cir. 1985).[2]

During the pendency of these cases, Community Federal has continued to accrue post-petition interest as required under the mortgages. In addition, the Debtors' plans provide that Community Federal will receive current mortgage payments directly, under the same terms and conditions that existed pre-petition. Finally, the

---

1. For example, § 1322(a) prescribes what the Chapter 13 plan shall contain, while subsection (b) lists the provisions the plan is permitted to include. As discussed *infra*, §§ 1322(b)(2) & (5) directly address the issue before the Court.

2. The Court is also mindful of the decision issued by the Honorable Barry S. Schermer of this District in *In re Bishop*, No. 89–02263–B13, slip op (Bankr ED Mo, Apr. 20, 1990). This Court respectfully declines to adopt the holding

Debtors' plans provide that all arrearages will be paid within a reasonable time. Yet, Community Federal contends that it is entitled to receive interest on these amounts during the cure period.

■ Although these loans do not provide for interest on arrearages, Community Federal contends that *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) supports the proposition that it is entitled to such interest under § 506(b) even in the absence of a specific mortgage provision. In *Ron Pair*, the United States contended that it was entitled to post-petition interest on a pre-petition tax obligation secured by a nonconsensual lien on a Chapter 11 debtor's property. The Supreme Court found for the U.S., and held that "[i]t is clear that allowing postpetition interest on nonconsensual oversecured liens does not contravene the intent of the framers of the Code. Allowing such interest does not conflict with any other section of the Code...." *Id.* 109 S.Ct. at 1031. The holding in *Ron Pair* is clearly distinguishable from the cases before this Court, because the allowance of interest on these claims would contravene specific Code provisions which govern the administration of Chapter 13 estates. Community Federal's claims are based on explicit contract language which defines the terms, scope and extent of its claims against each of these Debtors. Pursuant to those contract terms and the Chapter 13 plans submitted for confirmation, Community Federal is to receive that rate of interest bargained for under each note and deed of trust. In fact, this is precisely what the Code requires.[3] Absent a specific contract provision, the mortgagee of a Chapter 13 debtor is not entitled to interest on arrearages which arose prepetition, because such an allowance would constitute a modification specifically barred by § 1322(b)(2). *In re Laguna*, 114 B.R. 214, 20 BCD at 893; *citing, Appeal of Capps*, 836 F.2d 773 (3rd Cir.1987); *In re Terry*, 780 F.2d 894 (11th Cir.1985).

■ Community Federal's final argument in support of its claim for interest on arrearages is based on the Chapter 13 "cram down" provisions contained in 11 U.S.C. § 1325(a)(5)(B).[4] The section provides that a creditor, whose rights have been modified by a debtor's plan, is entitled to the present value of its claim as of the effective date of the plan. As noted previously, the plans before the Court do not modifiy the rights of Community Federal; instead, they seek to cure default and reinstate the loans. One commentator has noted that "... the curing of defaults pursuant to section 1322(b)(5) is a right conceptually distinct from Chapter 13 cramdown.... The present value tests compensate creditors whose rights have been modified by reductions in payments, interest charges or the total amount due; where a default is cured, however, the creditor's

---

in *Bishop,* and instead, will follow the decisions of the Third and Eleventh Circuits and the recent holding of the Ninth Circuit Bankruptcy Appellate Panel. *See, respectively, Appeal of Capps, supra; In re Terry, supra;* and *In re Laguna, supra.*

3.  Section 1322(b)(2) provides:
    (b) Subject to subsections (a) and (c) of this section, the plan may—
        *    *    *    *    *    *
    (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

4.  Section 1325(a)(5)(B) provides:
    (a) Except as provided in subsection (b), the court shall confirm a plan if—
        *    *    *    *    *    *
    (5) with respect to each allowed secured claim provided for by the plan—
        *    *    *    *    *    *
    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
      (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; ...

rights are not modified." L. King, 5 *Collier on Bankruptcy* ¶ 1322.09[4] (15th ed. 1989); *See also, Appeal of Capps,* 836 F.2d at 776. Therefore, section 1325(a)(5)(B) is inapplicable to the cure of default provisions contained in these Chapter 13 plans, because the Debtors do not propose to modify the rights of the secured creditor, Community Federal. *See, In re Laguna,* 114 B.R. 214, 20 BCD at 893; and, *In re Brady,* 86 B.R. at 170.

The Code expressly provides for cure of default under section 1322(b)(5) which permits a debtor to cure a default within a reasonable time and maintain current payments under the mortgage.[5] As one court noted, "... it is fairly clear to me that in enacting § 1322(b)(5), Congress wanted to keep intact the current payment provisions of a secured debt, while curing the defaults in a reasonable time." *In re Brady,* 86 B.R. at 169–170. Because the mortgagor/mortgagee relationship is reinstated according to the original terms of the note and deed of trust, Community Federal is only entitled to the interest provided for under those loan documents. Accordingly, an award of postpetition interest on the prepetition arrearage claims asserted by Community Federal would be inappropriate in the absence of specific contract language entitling the mortgagee to such interest. Therefore, Community Federal's Objections to these Debtors' Chapter 13 plans shall be, and are hereby, OVERRULED.

Orders consistent with this Memorandum Opinion shall be entered this date.

---

**5.** Section 1322(b)(5) provides:
(b) Subject to subsections (a) and (c) of this section, the plan may—
    *   *   *   *   *   *
(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;