**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Jimmie L. ADAMS, Diane
Adams, Appellees.**

**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Ronald Gentry STEWART and Lucille
Marie Stewart, Appellees.**

**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Bradley James WALTHER, Gail
Michele Walther, Appellees.**

**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Terry Wayne COWELL, Appellee.**

**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Walter GETER and Cornelius
Geter, Appellees.**

**RESOLUTION TRUST CORPORATION,**
Appellant,

v.

**Julius Emanuel RHODES, Jr., Appellee.**

Nos. 90–2124C(7), 90–2125C(7), 90–2126C(7), 90–2127C(7), 90–2128C(7) and 90–2129C(7).

United States District Court, E.D. Missouri, E.D.

June 26, 1991.

**332**

Carolyn C. Whittington, Ziercher & Hocker, St. Louis, Mo., for appellant.

John V. LaBarge, Jr., St. Louis, Mo., trustee.

Diana S. Daugherty, Kirkwood, Mo., for trustee.

T.J. Mullin, St. Louis, Mo., for Julius Emanuel Rhodes, Jr., Walter Geter, Corne-lius Geter, Ronald Gentry Stewart and Lucille Marie Stewart.

Timothy H. Battern, St. Louis, Mo., for Terry Wayne Cowell.

Robert Reinhold, St. Louis, Mo., for Bradley James Walther and Gail Michele Walther.

Nathan H. Goldberg, St. Louis, Mo., for Jimmie L. Adams and Diane Adams.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court on Appellant Resolution Trust Corporation's appeal of a decision of the Bankruptcy Court overruling Appellant's objections to the Trustee's motions to clarify, allow and pay claims and Appellant's objections to confirmation of debtors' plans.[1] Resolution Trust Corporation is receiver for Community Federal Savings and Loan Association (hereinafter Community Federal). This Court has jurisdiction pursuant to 28 U.S.C. §§ 158 and 1334.

Resolution Trust objected to provisions contained in each plan regarding cure of default because the plans did not provide for the payment of post-confirmation interest on pre-petition arrearages. The legal issue in each case is whether an over-secured creditor, whose sole security is the Debtor's principal residence, is entitled to interest on pre-petition mortgage arrearages cured under a Debtor's Chapter 13 plan.

The Bankruptcy Court held that, absent a specific contract provision, the mortgagee of a Chapter 13 debtor is not entitled to interest on arrearages which arose prepetition, because such an allowance would constitute a modification specifically barred by § 1322(b)(2). *In re Adams*, 120 B.R. 517, 520 (Bankr.E.D.Mo.1990).

Appellant first argues that it is entitled to interest on prepetition arrearag-

---

**1.** These cases were consolidated because they all raise the same legal issue. *See* order of this Court filed March 6, 1991. *In re Adams, In re Rhodes, In re Geter,* and *In re Stewart,* were consolidated at the trial level at 120 B.R. 517 (Bankr.E.D.Mo.1990). *In re Walther* and *In re Cowell* were consolidated at trial and raise the same legal issue. There is no dispute as to the Bankruptcy Court's findings of fact.

es pursuant to 11 U.S.C. § 506(b).[2] While it is true that § 506 is a general statute applicable by the terms of 11 U.S.C. § 103(a) to Chapter 13, a more specific statute takes precedence over a more general statute. *In re Patterson*, 107 B.R. 576, 578 (Bankr.S.D.Ohio 1989). Therefore, the specific provisions of Chapter 13 prevail over the general provisions of § 506(B).

■ Appellant next argues that it is entitled, pursuant to 11 U.S.C. § 1325(a)(5)(B) to interest on claims for arrearages which arose pre-petition. Section 1325(a)(5)(B) provides that a creditor, whose rights have been modified by a debtor's plan, is entitled to the present value of its claim as of the effective date of the plan.[3] The Bankruptcy Court made a distinction between "cure" under 1322(b)(5) and modification prohibited under § 1322(b)(2).[4] *In re Adams*, 120 B.R. at 520. The Bankruptcy Court held that § 1325(a)(5)(B) is inapplicable to the cure of default provisions contained in Chapter 13 plans, because the Debtors do not propose to modify the rights of the secured creditor. *Id.* at 521. This Court disagrees.

2. Section 506 is entitled "DETERMINATION OF SECURED STATUS." Section 506 states in pertinent part:
    506(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

3. Section 1325 is entitled "CONFIRMATION OF PLAN." Section 1325 provides in pertinent part:
    1325(a) Except as provided in subsection (b), the court shall confirm a plan if—
    .    .    .    .    .
    (5) with respect to each allowed secured claim provided for by the plan—
    .    .    .    .    .
    (B) ....
    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim....

4. Section 1322 is entitled "CONTENTS OF PLAN." Section 1322 provides in pertinent part:

Section 1322(b)(2) provides that the rights of holders of claims secured only by a security interest in real property that is the debtor's principal residence may not be modified. Section 1322(b)(2), however, is itself modified by § 1322(b)(5) which provides for a cure of default. *In re Terry*, 780 F.2d 894, 896 (11th Cir.1985). One court has characterized § 1322(b)(5) as determining the extent of the impairment [modification]. *In re Catlin*, 81 B.R. 522 (Bankr.D.Minn.1987).[5]

■ The language of § 1325(a)(5)(B)(ii) requires the plan reflect the present value before confirmation of the plan. *In re Colegrove*, 771 F.2d 119, 122 (6th Cir.1985). *See also, In re Spader*, 66 B.R. 618, 623 (Bankr.W.D.Mo.1986); *In re Van Gordon*, 69 B.R. 545, 547 (Bankr.D.Mont.1987). Nothing in the language of § 1322(b) suggests that it supersedes § 1325. *In re Catlin*, 81 B.R. at 525. Interest payments on arrearages are incident to the cure, and not a separate modification as would be prohibited by § 1322(b)(2). *In re Colegrove*, 771 F.2d 119 (6th Cir.1985); *In re Gincastro*, 48 B.R. 662, 666 (Bankr.D.R.I.1985).[6]

    1322(b) Subject to subsections (a) and (c) of this section, the plan may—
    .    .    .    .    .
    (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
    .    .    .    .    .
    (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

5. In line with the *Catlin* court's view of modification under 1322(b) as impairment, a New York bankruptcy court held that the proper test for modification under § 1322(b)(2) is whether payments called for in the mortgage have been reduced. *In re Wilkinson*, 33 B.R. 933, 935 (Bankr.S.D.N.Y.1983).

6. A number of courts have held that the only permissible modification of a home mortgage agreement is that expressly provided for in

ACCORDINGLY,

IT IS HEREBY ORDERED that the order of the Bankruptcy Court overruling Community Federal's objections to the Trustee's motions to clarify, allow and pay claims and confirming debtors' plans is reversed.

IT IS FURTHER ORDERED that the case is remanded to the Bankruptcy Court for computation of interest on pre-petition arrearages and for other such proceedings as may be required in light of this Memorandum and Order.

§ 1322(b)(5). *In re Terry,* 780 F.2d 894, 896 (11th Cir.1985); *Appeal of Capps,* 836 F.2d 773, 777 (3rd Cir.1987); *In re Brown,* 91 B.R. 19, 22 (Bankr.E.D.Va.1988); *In re Brady,* 86 B.R. 166, 167 (Bankr.D.Minn.1988); *In re Stamper,* 84 B.R. 519, 522 (Bankr.N.D.Ill.1988). Courts finding no interest allowed on arrearages have variously held that § 1322(b) creates an exception to 1325(a)(5)(B), *In re Terry,* 780 F.2d at 897, and that home mortgagors are not the intended beneficiaries under § 1325 cramdown provisions, *Appeal of Capps,* 836 F.2d at 776. To reach that conclusion these courts must conclude that a cure under § 1332(b)(5) is not a modification even though it negates the contract provisions calling for acceleration and stays foreclosure. *See, e.g., In re Laguna,* 114 B.R. 214, 218 (9th Cir. BAP 1990); *In re Brown,* 91 B.R. at 22.