In re Earnest LUM, Debtor.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,

v.

Earnest LUM, Defendant.

Bankruptcy No. 1–79–1385.
Adversary Proceeding No. 1–79–0015.

United States Bankruptcy Court, E. D. Tennessee.

Nov. 9, 1979.

John T. Fort, Chattanooga, Tenn., for plaintiff.

David E. Nelson, Jr., Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

On October 2, 1979 the debtor, Earnest Lum, filed a petition under chapter 13 of the Bankruptcy Code. (11 U.S.C.) He also filed a chapter 13 plan proposing to pay his debts as provided by it.

■ A chapter 13 plan can be confirmed only if the requirements of 11 U.S.C. § 1325(a) are satisfied. Section 1325(a)(5) requires that each holder of an allowed secured claim must accept the plan or be dealt with in one of two other ways. Of those two, the simpler is to return to the claimant the property securing its claim. It is the other method which is relevant in this proceeding.

■ Section 1325(a)(5)(B) says that the plan may be confirmed as to the holder of a secured claim if:

(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . . .

To understand this provision it is necessary to know that the allowed amount of a secured claim is the value of the property securing the claim. 11 U.S.C. § 506. What the statute thus means is that as to a secured creditor the chapter 13 plan can be confirmed if the plan provides that the secured creditor retain its lien and be paid the value of its collateral as of the effective date of the plan.

■ In this case the plaintiff, GMAC, is a secured creditor. It filed a complaint to recover possession of its collateral, a 1978 Chevrolet Malibu. By agreement of the parties the complaint was heard at the hearing on confirmation of the chapter 13 plan. From the proof and the record, the court finds that the value of the car is $5,000.00 and that a payment of $130.00 per month will exceed the depreciation of the car.[1]

The attorney for GMAC does not dispute the value of the motor vehicle, but argues that since the creditor would receive these payments over a number of months, the installment payments are not equivalent to the present cash value of the car, $5,000.00. In other words, the counsel for the creditor argues that $5,000.00 paid over time is not equal to $5,000.00 "as of the effective date of the plan."

Chapter 11 of the Bankruptcy Code contains similar provisions requiring the payment or determination of value as of the effective date of the plan. In speaking of

---

**1.** 11 U.S.C. § 363 provides that a party with an interest in property of the estate to be used, sold, or leased by the trustee can demand adequate protection of its interest. The court thinks that a secured creditor may demand that a chapter 13 plan adequately protect it. See 11 U.S.C. § 1303.

If the collateral depreciates faster than the payments the secured creditor becomes less secured. Payments at least equal to depreciation prevent that.

such provisions, House Report No. 95–595 says at page 413, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6369:

Specifically, the court may confirm a plan over the objection of a class of secured claims if the members of that class are unimpaired or if they are to receive under the plan property of a value equal to the allowed amount of their secured claims . . . . The property is to be valued as of the effective date of the plan, thus recognizing the time-value of money.

At page 414, U.S.Code Cong. & Admin. News 1978, p. 6370, the report says:

Application of the test under subparagraph (A) also requires a valuation of the consideration "as of the effective date of the plan". This contemplates a present value analysis that will discount value to be received in the future; . . .

The court agrees with the argument of counsel for GMAC. The court must therefore determine how the creditor should be paid so that it receives the present value of $5,000.00 when paid over time. Counsel for GMAC has made some argument in general concerning economic matters. The court has considered the laws of Tennessee, the creditor's argument, and its contract.

■ The compensation to which the creditor is entitled is the present value that takes into account the discount of money to be received in the future. It is not interest of the contractual kind. Interest on a secured claim stops with the filing of a petition in bankruptcy except in some instances. 11 U.S.C. § 506. Nevertheless, the application of a percentage to the balance to be paid in the future is one method of allowing for the risk and loss of use resulting from the postponement of payment. The question is what percentage rate the court should allow.

■ Where there is no contractual rate of interest courts sometimes allow the "le-gal" rate as the proper payment for the loss of use of money. C. McCormick, Handbook of the Law of Damages, § 51 at 209 (1935). The legal rate is the rate allowed on judgments. In Tennessee that is an effective rate of interest of 8% per annum. Tenn. Code Ann. § 47–14–121 (1979 Repl.Vol.)

Of course, in this case there was a contract. The court has not discovered in it any stated rate of interest, though it does show that the "finance charge" produced an "annual percentage rate" of 16.8%. The court also notes that this was an installment sales contract between a seller and a buyer where the seller in effect lends the purchase money but the buyer does not receive any money. The transaction can also be viewed as a sale where the seller charges more, by means of a "time-price differential", because of the installment payment. Furthermore, the court is not aiming to produce a lender's profit but only to protect the creditor from loss caused by its being paid over a period of time.

■ The court's determination can at best be a rough approximation. But, having considered the creditor's argument, its contract, and the Tennessee statutes,[2] being not wholly removed from economic concerns, and being required to make a decision, it is the opinion of the court that GMAC is entitled to be paid an effective rate of interest of 10% per annum on the unpaid balance of its $5,000.00 allowed secured claim.

For purposes of this memorandum and orders pursuant to it "effective rate of interest" is defined in Tenn.Code Ann. § 47–14–102(2) (Repl.Vol.1979). Since the payments are to be made monthly the trustee may determine and allocate the payments by the "actuarial method". See Tenn.Code Ann. § 47–14–102(5) (Repl.Vol.1979).

Orders will be entered allowing GMAC's claim as secured for $5,000.00 with the balance allowed as unsecured and ordering the

---

**2.** Chapter 14 of Title 47 of the Tennessee Code Annotated (Repl.Vol. 8B, 1979) deals generally with "Money, Interest and Usury".

trustee to make payments to it under the plan in accordance with this memorandum.[3]

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

3. The plan provides only a minimal payment on unsecured claims.