## In re Charles D. CORLISS and Jody L. Corliss, fka Jody L. Munro, Jody L. Dandurand, Debtors.

### Bankruptcy No. 683–08425.

United States Bankruptcy Court, D. Oregon.

July 26, 1984.

Household Finance Corporation, plaintiff, appeared on its own behalf.

Barry L. Taub, Eugene, Or., for defendants/debtors.

Fred Long, Eugene, Or., trustee.

## MEMORANDUM OPINION

POLLY S. WILHARDT, Bankruptcy Judge.

The court must determine the interplay of 11 U.S.C. § 506(b) and 11 U.S.C. § 1325(a)(5)(B)(ii) where the secured creditor's collateral is of a value in excess of the amount due it as of the date the bankruptcy petition was filed.

Charles D. Corliss and Jody L. Corliss filed their Chapter 13 bankruptcy petition on December 7, 1983. A confirmation hearing on the debtors' first filed plan was adjourned as Household Finance Corporation, a secured creditor, had objected to the plan and filed a plan rejection with the court. Debtors then filed an amended plan. A confirmation hearing on that plan, although scheduled, was not held as the court was notified the amended plan had not been sent to interested parties prior to the hearing. Household Finance Corporation appeared at the second hearing and restated its continuing objection to the amended plan. Debtors have requested the court to "cram down" the plan under § 1325(a)(5)(B) over the objection of House-

hold Finance Corporation. Although the amended plan has not been distributed to all interested parties in this Chapter 13 proceeding, this court believes the issue before it is ripe for determination due to the appearance of Household Finance Corporation at each hearing vocalizing its standing objection, which objection addresses issues affecting only Household Finance Corporation and the debtors. Additionally, as this court holds for Household Finance Corporation, an early decision on these issues will facilitate the rapid further amendment of debtors' plan with the goal of confirmation in the near future.

Household Finance Corporation and debtors agree the amount of Household Finance Corporation's claim was, at the time of the filing of the bankruptcy petition, $1,940.53. They further agree Household Finance Corporation's claim is secured by a 1955 Chevrolet pickup of a value of $2,200.00. Both debtors' plans propose to pay Household Finance Corporation a monthly amount which allows for a discount factor of 12%. Thus, under the amended plan Household Finance Corporation would receive the $1,940.53 principal plus 12% interest which, over the 24 month period for payment, allows the creditor an additional $252.12. Debtors believe this provision meets the requirements of § 1325(a)(5)(B)(ii). Household Finance Corporation argues as it is oversecured it is entitled, under 11 U.S.C. § 506(b), to plan payments covering its post-petition interest up to the value of its collateral. In addition, it states the rate of interest it should receive pursuant to § 506(b) is the original contract rate of 22.707%.

■ All authorities agree the language of § 506(b), as a specific exception to § 502(b)(2), allows an oversecured creditor recovery of post-petition interest to the extent the value of the security is in excess of the amount of the allowed secured claim. *3 Collier on Bankruptcy,* § 506.05 (15th rev. ed. 1984), *3 Bankruptcy-Lawyer's Edition, Code Commentary and Analysis,* § 21:52 (1979). At least one court has held § 506(b) does not apply to Chapter 13

proceedings. *In re Caudle,* 13 B.R. 29, 32 (Bankr.W.D.Tenn.1981). Other courts have held it does apply. *In re Smith,* 4 B.R. 12, 13 (Bankr.E.D.N.Y.1980); *In re Brooks,* 24 B.R. 447, 450 (Bankr.D.Kan.1982); *In re Minguey,* 10 B.R. 806, 7 B.C.D. (CRR) 691, 692 (Bankr.W.D.Wis.1981); *In re Frey,* 34 B.R. 607, 610 (Bankr.M.D.Pa.1983). This court believes the language of 11 U.S.C. § 103(a) clearly makes § 506(b) applicable to Chapter 13 proceedings. In *Caudle* the court found inconsistencies between §§ 506(b), 1322(b)(2) (which allows the debtor to modify the rights of holders of secured claims) and 1325(a)(5)(B)(ii) (which takes into account the discount of money to be received in the future). This court sees no inconsistency. The requirements of both chapters can be met.

■ Further, this court has, in the past, in *In re Petersen,* 42 B.R. 42, 44 (Bankr. D.Or.1984) held that the appropriate rate of post-petition interest under § 506(b) is the contract rate if there is a contract providing for interest. In that case I cited *In re Loveridge Machine and Tool Company,* 36 B.R. 159, 11 B.C.D. (CRR) 485 (Bankr.D. Utah 1983). Judge Clark supports his excellent opinion with a thorough discussion of the many cases and authorities interpreting § 506(b) in this manner. *Id.* 36 B.R. at 162, 11 B.C.D. at 489.

Section 1325(a)(5)(B)(ii) states:
"the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;"

■ As the value of the payments to be distributed to a creditor under this subsection must at least equal the allowed amount of the creditor's claim one must first ask of what the "allowed amount of the claim" consists within the context of that subsection. The language of § 506(b) suggests the inclusion of post-petition interest as part of the allowed secured claim to the extent of the value of the collateral. *3 Collier on Bankruptcy,* ¶ 506.05 (15th rev. ed. 1984). This interest will accrue from the date the petition is filed until the

effective date of the plan. *Id.* at 506–36. The secured creditor cannot, of course, receive any contract interest which is unmatured as of the effective date of the plan. To determine otherwise would obligate the debtor to pay the discount rate on unmatured interest and lead to payment of two forms of interest simultaneously. This interpretation is supported by *5 Collier on Bankruptcy,* § 1325.01 [2][E][3][b][iii] at 1325–27 (15th rev. ed. 1983) and *Comment, Bankruptcy Reform Act of 1978: Chapter 13 Cramdown of the Secured Creditor,* 1981 Wis. L. Rev. 333, 347.

 As the allowed claim is to be paid over time, § 1325(a)(5)(B)(ii) requires the debtor also to provide the creditor with an additional amount which substitutes for the time value of money. Cases have labeled the rate at which this amount is calculated as the "time value" factor or "discount" factor. This factor is to be differentiated from the contractual post-petition interest which may accrue under § 506(b). The former is a part of the creditor's original bargain and is authorized by that section. The latter is a creature of the language of § 1325(a)(5)(B)(ii). This language recognizes that the creditor should receive some recompense for the delay in complete payment during the plan's life. *In re Lum,* 1 B.R. 186, 188 (Bankr.E.D.Tenn.1979). Plans which do not provide a discount factor must be denied confirmation. *Smith* at 14, *Lum.* The courts do not agree on the correct discount factor to be applied under § 1325(a)(5)(B)(ii). Some courts have equated the discount factor with the contract rate. *Smith* at 13, *In re Jones,* 5 B.R. 736, 6 B.C.D. (CRR) 965, 967 (Bankr. E.D.Va.1980) *Frey* at 611. Others have rejected this approach. *In re Klein,* 10 B.R. 657, 661 (Bankr.E.D.N.Y.1981), *Lum* at 188. In addition, discount factors have been based on the Internal Revenue Code § 6621 rate, judgment rates, Treasury Bill rates, the prime rate and variations thereof. *In re Miller,* 4 B.R. 392, 6 B.C.D. (CRR) 410 (Bankr.S.D.Cal.1980); *In re Willis,* 6 B.R. 555, 6 B.C.D. (CRR) 1101 (Bankr. N.D.Del.1980); *In re Ziegler,* 6 B.R. 3, 6 B.C.D. (CRR) 194 (Bankr.S.D.Ohio 1980);

*In Re Crockett,* 3 B.R. 365, 6 B.C.D. (CRR) 226 (Bankr.E.D.Ill.1980).

We believe for Oregon this question has been appropriately addressed and answered in *In re Mitchell,* 39 B.R. 696 (Bankr.D.Or. 1984). The contract rate is rejected as containing elements of profit which are inappropriate in a Chapter 13 proceeding. *Mitchell* at 698. The discount rate should be based upon the equivalent coupon yield rate of 52 week Treasury bills auctioned every four weeks. These most clearly reflect current market conditions. *Id.*

The debtors have supported their argument with two cases, *Lum* and *Minguey.* In reviewing each case we find neither addresses the issues placed before this court. *Lum* involves an amount owed which is more than the value of the collateral and thus contains no § 506(b) question. It simply recognizes the plan before it is defective as not providing for a discount factor. In *Minguey* the court recognizes that § 506(b) may apply within the context of a Chapter 13 proceeding. As the creditor did not raise the issue, the court does not address the relationship of § 506(b) and § 1325(a)(5)(B)(ii).

 This court holds it cannot confirm the plan before it over the objection of the secured creditor, Household Finance Corporation. The debtors' plan must provide Household Finance Corporation the lesser of its principal plus accrued post-petition interest at the contract rate to the date of the effective date of the plan or its principal plus accrued post-petition interest at the contract rate up to the value of the collateral. This is the allowed secured claim. This amount must then be amortized over the payment period at a rate equal to the latest coupon yield on 52 week Treasury bills.

This Memorandum Opinion contains the court's findings of fact and conclusions of law and pursuant to Bankruptcy Rule 9014, which incorporates Rule 7052, they will not be separately stated.

A separate order consistent herewith will be entered.