**In re Alvie Lee MOTHERSHED and Lavonda Jean Mothershed, Debtors.**

**Bankruptcy No. JO 85–176M.**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

March 26, 1986.

David R. Goodson, Paragould, Ark., for debtors.

J. Maurice Rogers, John C. Calhoun, Jr., Little Rock, Ark., for Int'l Harvester.

A.L. Tenney, Little Rock, Ark., Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On June 25, 1985, Alvie Lee Mothershed and Lavonda Jean Mothershed filed a voluntary petition for relief under the provisions of Chapter 13. The plan provides that it will pay two secured claims of International Harvester Credit Corporation (International Harvester) the value of the collateral or the amount of the debt, whichever is less over the life of the plan. The narrative statement of the plan values International Harvester's two pieces of collateral at $48,000.00 for a 1982 tractor and trailer and $18,000.00 for a 1979 tractor.

The testimony was that the debtors owned a 1979 International Harvester tractor. On the day the petition was filed the principal amount of the purchase money debt owed to International Harvester was $14,070.20. The contract rate of interest on the unpaid principal balance was fourteen percent per annum.

The other collateral is a 1982 International Harvester tractor and trailer. On the day the petition was filed the principal amount of the purchase money debt owed to International Harvester was $47,229.12. The contract rate of interest was fourteen percent per annum.

The parties stipulated that International Harvester holds a valid and perfected lien in both tractors and the trailer. The evidence established that International Harvester's claim as to each vehicle is fully secured.

The plan proposes sixty months of payments of $1,324.00 per month on the 1982 model tractor and trailer and $304.52 per month on the 1979 tractor. The plan does not propose to pay interest on the principal

debt. The plan does not propose anything in regard to the maintenance of insurance to protect the interest of International Harvester's secured claim.

 International Harvester filed an objection to confirmation. International Harvester alleged that the plan does not comply with the cramdown requirements for confirmation as contained in 11 U.S.C. § 1325(a)(5)(B)(ii) because the plan did not propose to pay interest on the allowed amount of the secured claim. This objection is sustained. If the plan proposes to pay a secured claim in installments, interest must be included in order that the secured creditor receive the present value of its secured claim. 5 *Collier on Bankruptcy* ¶ 1325.01[2][A] (15th ed. 1985); *In re Gincastro,* 48 B.R. 662 (Bkrtcy.D.R.I.1985); *Matter of Williams,* 44 B.R. 422 (Bkrtcy.N.D.Miss.1984). The applicable interest rate to determine the present value of the secured claim is the market rate of interest at the time of confirmation. *Matter of Johnston,* 44 B.R. 667 (Bkrtcy.W.D.Mo. 1984).

International Harvester also objects because the plan is proposed for sixty months. International Harvester alleges that it becomes undersecured at some point in time if the plan is to last for five years and, therefore, its interest is not adequately protected.

Under Chapter 11 a plan may be confirmed over the objection of a secured creditor if all of the requirements of 11 U.S.C. § 1129(a) and the cramdown standards of 11 U.S.C. § 1129(b)(2)(A)(i), (ii) and (iii) are met. 11 U.S.C. § 1129(b)(2)(A) provides as follows:

(A) With respect to a class of secured claims, the plan provides—

(i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II) that each holder of a claim of such class receive on account of such

claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds to such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or

(iii) for the realization by such holders of the indubitable equivalent of such claims.

Under Chapter 13 a plan may be confirmed over the dissent of a secured creditor if the requirements of 11 U.S.C. § 1325(a)(5)(B)(i) and (ii) are met. This section provides that the Court shall confirm a plan with respect to an unaccepting secured creditor if:

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

The leading treatise on bankruptcy suggests that there is no statutory requirement that the Chapter 13 plan provide adequate protection against diminution in the value of the collateral. *See* 5 *Collier on Bankruptcy* ¶ 1325.01[i] (15th ed. 1985). However, if the secured creditor becomes undersecured during the life of the plan, this circumstance is relevant on the issue of determining whether cause exists to extend the plan beyond the thirty-six month limit set by 11 U.S.C. § 1322(c). Since the plan must be modified to include an appropriate interest rate and since there is no evidence in the record regarding the interest rate to be selected and the amount of the payments required to pay the secured claim in full, the Court declines to address this issue at this time.

The objection to confirmation is sustained. The debtors are given twenty days in which to file a modified plan or the case will be dismissed.

IT IS SO ORDERED.