UNITED STATES of America, Appellee,

v.

Dennis Edward DOUD and Cheryl Ann
Doud, Appellants.

No. 88–1088.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 21, 1988.

Decided March 15, 1989.

Jerrold Wanek, Des Moines, Iowa, for
appellants.

Kevin R. Query, Des Moines, Iowa, for
appellee.

Before LAY, Chief Judge, and
McMILLIAN and WOLLMAN, Circuit
Judges.

McMILLIAN, Circuit Judge.

Dennis and Cheryl Ann Doud, husband
and wife, appeal from the district court's [1]
order affirming the bankruptcy court [2] de-
cision,[3] sustaining in part the Farmers
Home Administration's (FmHA) objection
to their Chapter 12 plan of reorganization
and holding that the discount rate to be
applied to an FmHA commercial rate inter-
est loan would be the yield on a treasury
bond plus a 2% adjustment to account for
the risk factor. We affirm.

The parties stipulated that the FmHA's
claims arose out of four promissory notes
executed by the debtors and held by the
FmHA. The Douds' Chapter 12 reorgani-
zation plan called for an annual payment to
the FmHA based on a fifteen-year amorti-
zation at an interest rate of 6.5%. The
bankruptcy court found that three of the
FmHA loans should be viewed in light of
the agency mission to provide credit to
family farmers who are unable to obtain
credit from conventional sources and char-
acterized the FmHA lending programs sup-
porting these loans as forms of social wel-
fare. With the exception of the "emergen-
cy" loan dated November 13, 1978, the
bankruptcy court found that the interest

---

1. The Honorable Harold D. Vietor, Chief Judge,
United States District Court for the Southern
District of Iowa.

2. The Honorable Lee M. Jackwig, Bankruptcy
Judge for the Bankruptcy Court of the Southern
District of Iowa.

3. *In re Doud,* 74 B.R. 865 (Bankr.S.D.Iowa
1987), *aff'd,* No. 87–577–B (S.D.Iowa Dec. 4,
1987) [1987 WL 46813]. References in text are
to bankruptcy court decision.

rates charged to the debtors were at or below the government's cost of money. The bankruptcy court held that by applying the same discount rate to the three loans bearing noncommercial interest rates as to the emergency loan which had a commercial interest rate, the policies underlying the FmHA loan programs would be thwarted.[4] The Douds challenge the discount rate to be applied to the November 13, 1978, FmHA loan.

■ The statutory focus of the issue is 11 U.S.C. § 1225(a)(5)(B), which provides that a court shall confirm a plan over the objection of a secured creditor if the creditor will retain the lien securing its claim and will receive value, as of the effective date of the plan, that is not less than the allowed amount of the creditor's claim. The bankruptcy court, which was essentially charged with the task of computing an interest rate to be applied to the amount of the creditor's allowed secured claim, determined that this circuit's decisions in *In re Monnier Bros.*, 755 F.2d 1336 (8th Cir. 1985) (*Monnier*), and *United States v. Neal Pharmacal Co.*, 789 F.2d 1283 (8th Cir.1986) (*Neal Pharmacal*), set out the correct standard for determining the appropriate discount rate. While *Monnier* and *Neal Pharmacal* involved Chapter 11 organizations, the court found no reason to except Chapter 12 reorganizations from the "market rate" approach. We agree.

■ The court relied on *In re Fisher*, 29 B.R. 542, 543 (Bankr.D.Kan.1983), for the components of the discount rate, namely a "riskless" rate, usually commensurate with the interest paid on government issue bonds and bills and a risk component. Departing from the *Fisher* conclusions, the court found preferable the yield on treasury bonds as the riskless rate. The court went on to ascertain a risk factor, agreeing with the *Fisher* court that certain risks were reduced. In contrast to the risk reduction factors, the court discussed certain aspects of Chapter 12 which heighten risk, e.g., the unpredictable nature of the agri-

cultural economy itself, and, in the event of a plan failure and dismissal of a case, the additional collection costs creditors would not normally incur with nonagricultural debtors (e.g., participation in mandatory mediation under Iowa law). The court concluded that a 2% upward adjustment would adequately compensate a conventional lender for the overall risk associated with a Chapter 12 reorganization.

The Douds take issue with the use of *Monnier* and the court's focus on the unpredictability of the Iowa farm economy. They claim that the 2% risk factor is arbitrary and unreasonable and an undue interest penalty on debtors; they urge that the formula from *Fisher* be used to determine the market rate. The government claims that the bankruptcy court order denied FmHA discount rates which would ordinarily have been assigned under the market rate approach.

On review, this court examines the bankruptcy court's factual findings using a "clearly erroneous" standard and examines its legal conclusions de novo. *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1224 (8th Cir.1987) (and cases cited therein).

Since *Doud* was filed, several courts, both within and without our circuit, have adopted a prevailing market discount rate utilizing the yield on a treasury bond with a remaining maturity matched to the average amount outstanding during the term of the allowed claim, plus a 2% upward adjustment to account for the risk. *See, e.g., In re Wichmann*, 77 B.R. 718, 721 (Bankr.D. Neb.1987) (yield on treasury bond plus a 2% upward adjustment to account for the risk, adopted as prevailing market discount rate with recognition that special circumstances may exist in some cases for departure); *accord In re Bergbower*, 81 B.R. 15, 16 (Bankr.S.D.Ill.1987).

The case of *In re Underwood*, 87 B.R. 594 (Bankr.D.Neb.1988) (*Underwood*), notes a disparity in the approach taken by bankruptcy courts within the Eighth Cir-

---

**4.** The government initially appealed this underlying factual determination to this court, but dismissed its appeal.

cuit, *see, e.g., In re Krump*, 89 B.R. 821, 825 (Bankr.D.S.D.1988), but states that the disparity is largely superficial. "A close examination of the cases will disclose that the courts are all generally considering the factors enumerated by *Collier [on Bankruptcy]* and adopted by the Eighth Circuit." *Underwood*, 87 B.R. at 599.

We believe that the district court correctly relied on *Monnier* for its description of the market rate as the test of present value.

> The appropriate discount rate must be determined on the basis of the rate of interest which is reasonable in light of the risks involved. Thus, in determining the discount rate, the court must consider the prevailing market rate for a loan of a term equal to the payout period, with due consideration for the quality of the security and the risk of subsequent default.

755 F.2d at 1339 (quoting 5 *Collier on Bankruptcy* ¶ 1129.03, at 1129–65 (15th ed. 1988)).

*Monnier* sets the broader standard relating to components of an appropriate interest rate, which should consist of a risk-free rate, plus additional interest to compensate a creditor for risks posed by the plan. *Monnier*, 755 F.2d at 1339–40. This court in *Neal Pharmacal* ultimately concluded that "the determination of what interest rate will provide the government with the present value of its claim must be made on a case by case basis." 789 F.2d at 1289. This language does not preclude the *Doud* market rate formula, but rather reflected the specific subject matter of *Neal Pharmacal*. Further support for the type of formula suggested in *Doud* is *Neal Pharmacal*'s rejection of a floating rate of interest as administratively difficult and rendering determination of the feasibility of the debtor's reorganization plan quite complicated. *Id.* at 1286.

The *Doud* court rationally analyzed its preference for using the yield on treasury bonds as the preferable riskless rate and the court's discussion of the risk rate properly emphasized the nature of the agricultural economy as Chapter 12 is geared toward farmers. If the bankruptcy court has correctly considered all of the elements involved in computing a discount rate, determination of the proper discount rate in a particular case is a factual inquiry. *See id.* at 1286 n. 8; *see also In re Briggs Transportation Co.*, 780 F.2d 1339, 1350 (8th Cir.1985). We hold that the district court's computation of the proper discount rate is not clearly erroneous. *See Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987).