

Stephen B. Strayer, Liberty, Mo. for debtors.

Gay L. Tedder, Sp. Asst. U.S. Atty., Kansas City, Mo. for Small Business Admin.

Rick Fink, Chapter 13 Trustee.

### MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors' Chapter 13 plan came on for hearing on confirmation together with the objections thereto of the Small Business Administration. S.B.A. contends that debtors' plan violates the provisions of 11 U.S.C. § 1325(a) and 11 U.S.C. § 1322(a)(3). Basically debtors' plan establishes one class for all secured claims and then proposes to pay 8% interest on all of those secured claims except the S.B.A. claim on which they propose to pay 3% interest.

The S.B.A. is correct in its objection to the present form of the plan. 11 U.S.C. § 1322(a)(3) requires that the plan shall:

"if the plan classifies claims, provide the same treatment for each claim within a particular class".

Since debtors' plan classifies all of their secured claims into one class, and provides a different interest rate for one of those claims, it therefore cannot be confirmed. However, the goal sought by S.B.A. (8% interest like the other secured claims) is not necessarily mandated by either § 1322(a)(3)

**In re Roger Michael JONES & Sally Ann Jones, Debtors.**

No. 89–50127–SJ–2–13.

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 29, 1989.

or this opinion. While debtors may choose to amend to pay S.B.A. 8% interest, debtors may also choose to amend the plan by classifying one or more of their secured claims in separate classes. Courts have held universally that secured claims may be classified individually if debtors so choose—it is the unsecured claims that must be classified in common with other unsecured claims—absent unusual and compelling circumstances.

We thus pass to the heart of S.B.A.'s thrust, (stated in the vernacular) it is not fair to pay us 3% interest while other secured creditors get 8% interest. Facially, S.B.A.'s contention has appeal. However, the Bankruptcy Code, like life, is often not fair. Even those provisions relating to unsecured claims allow discrimination between classes provided only that the plan "may not discriminate unfairly against any class". Ergo, any foundation of S.B.A.'s position must rest on the general requirement of "good faith" in the proposal of the debtors' plan.

This particular loan was a so-called "disaster loan" made in 1978 at an interest rate of 3% per annum. Debtors had made all of their contractual payments on the loan prior to filing this proceeding. Debtors' plan would pay out the loan, if consummated, approximately one year later than its original date of repayment. One of S.B.A.'s witnesses testified that at the time the loan was made, the cost of funds to the government was 6% and that the rates on disaster loans were established deliberately at one-half of the government's cost of funds. That same witness indicated that the present cost of funds to the government was 8% and that disaster loans were being made presently at a 4% rate. Thus the facial unfairness of debtors' plan proposal is ameliorated by the history and purpose of the debt in question.

Neither debtors nor creditors are automatically entitled to the original contract rate in a reorganization plan. Instead the Court is required to inquire and determine a market rate. This Court has attempted to use the principles enunciated by the Eighth Circuit in *In re Doud,* 869 F.2d

1144 (1989) since its issuance, to determine the market rate. Here, the market rate is readily determinable. S.B.A. is making disaster loans at 4%. Thus debtors should be required to pay 4% on the S.B.A. loan, as the present market rate on S.B.A. disaster loans.

The Court believes debtors have one further option. If debtors choose to make all of the original payments on the loans as originally contracted, and cure the minimal arrearages within the plan at an interest rate of 4%, that also would conform to the requirements of Chapter 13.

Debtors' plan, as presently proposed, may not be confirmed. If debtors so choose they may amend their plan to conform to this Opinion as to classification and one of the options as to interest rate. Debtors are granted twenty (20) days to choose their course of action.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.

SO ORDERED.