### In the Matter of Byron M. RICHARDS, Debtor.

### WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. d/b/a Farmers Furniture Company, Movant,

v.

### Byron M. RICHARDS and Camille Hope, Trustee, Respondents.

### Bankruptcy No. 89–51726.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Oct. 26, 1989.

Sharon R. Jones, Milledgeville, Ga., for debtor.

Bruce M. Hofstadter, Macon, Ga., for movant.

Kristin Smith, Deputy Trustee, Macon, Ga., for trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Byron M. Richards, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on July 14, 1989. Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Furniture Company, Movant, filed an objection to confirmation on September 1, 1989. Movant contends that Debtor's plan does not pay present value on Movant's secured claim because the plan does not propose to pay interest at the contract rate. Movant also contends that Debtor acted in bad faith when Debtor purchased furniture from Movant when Debtor allegedly was insolvent. The Court heard oral arguments on the issues presented on October 12, 1989.

Debtor purchased household furniture from Movant in October 1988 and April 1989. Debtor signed two retail installment contracts giving Movant a security interest in the furniture purchased. The annual percentage rate in the October 1988 con-

tract is 23.02. The annual percentage rate in the April 1989 contract is 23.09. Debtor admits that Movant is a fully secured creditor.

Section 1325(a)(5) of the Bankruptcy Code[1] provides that the confirmation requirements for "each allowed secured claim provided for by the plan" can be met in one of three ways. Section 1325(a)(5) provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

Movant has not accepted Debtor's plan. Debtor does not intend to surrender the furniture to Movant. Debtor, therefore, must pay Movant the value of its allowed secured claim. Under this "cram down" provision, Debtor's payments to Movant under his Chapter 13 plan must have a present value equal to Movant's allowed secured claim. *In re Mothershed,* 62 B.R. 113, 114 (Bankr.E.D.Ark.1986); *In re Mitchell,* 39 B.R. 696, 700 (Bankr.D.Or. 1984); *In re Klein,* 10 B.R. 657, 661 (Bankr.E.D.N.Y.1981).

The purpose of the present value requirement is to compensate the creditor for the delay in receiving payment of the allowed secured claim. 5 *Collier on Bankruptcy*

¶ 1325.06[4][b][iii][B] (15th ed. 1989). Bankruptcy courts have almost uniformly agreed that the proper method of providing creditors with the equivalent of the value of their claim is to require the debtor to pay interest on the claim throughout the payment period. *See United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.),* 709 F.2d 647, 650 (11th Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984). The issue before the Court is what rate of interest represents present value.

■ There is no consensus among the courts on what constitutes an appropriate rate of interest.[2] Among the varying rates that have been used:

(1) *Contract Rate of Interest*

*Prudential Insurance Co. of America v. Monnier (In re Monnier Bros.),* 755 F.2d 1336 (8th Cir.1985) (considering 11 U.S.C.A. § 1129(b)(2)(A)(i)(II))

*American Bank v. Coburn (In re Coburn),* 36 B.R. 550, 551 (Bankr.W.D. Miss.1983)

*In re Evans,* 20 B.R. 175, 177 (Bankr. E.D.Pa.1982)

*In re Kauffunger,* 16 B.R. 666, 668 (Bankr.D.N.J.1981)

*In re Rogers,* 6 B.R. 472, 475 (Bankr.S. D.Iowa 1980)

(2) *Treasury Bill Rate*

*In re Corliss,* 43 B.R. 176, 179 (Bankr. D.Or.1984)

*In re Mitchell,* 39 B.R. 696, 702 (Bankr.D.Or.1984)

(3) *Treasury Bill Rate with Adjustments*

*In re Hatcher,* 34 B.R. 566, 568 (Bankr.W.D.La.1983) (Treasury Bill plus 2.1%)

(3)(a) *Treasury Bond Rate Plus Adjustments*

---

1. 11 U.S.C.A. § 1325(a)(5) (West 1979 & Supp. 1989).

2. Several courts have noted that the "value, as of the effective date of the plan" provision in 11 U.S.C.A. §§ 1129(b)(2)(A)(i)(II), 1129(a)(9)(C), 1225(a)(5)(B)(ii) and 1325(a)(5)(B)(ii) are essentially identical and have similarly construed the sections. *See United States v. Arnold,* 878 F.2d

925, 929 (6th Cir.1989); *United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.),* 709 F.2d 647, 652 (11th Cir. 1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *In re Corley,* 83 B.R. 848, 851 (Bankr.S.D.Ga.1988); *In re Benford,* 14 B.R. 157, 160 (Bankr.W.D.Ky.1981).

*United States v. Doud,* 869 F.2d 1144 (8th Cir.1989) (Treasury Bond plus 2%) (construing 11 U.S.C.A. § 1225(a)(5)(B))

(4) *Current Market Rate for Similar Loans in the Region*

*United States v. Arnold,* 878 F.2d 925, 929–30 (6th Cir.1989) (construing 11 U.S.C.A. § 1225(a)(5)(B) (West Supp. 1989))

*Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427, 431 (6th Cir.1982)

*In re Benford,* 14 B.R. 157, 161 (Bankr.W.D.Ky.1981)

(5) *Lesser of Contract Rate or Treasury Bill Rate*

*In re Mitchell,* 77 B.R. 524, 529 (Bankr.E.D.Pa.1987)

(6) *State Legal Rate of Interest*

*Ford Motor Credit Co. v. Johnston (In re Johnston),* 44 B.R. 667, 670 (Bankr.W.D.Mo.1984)

*In re Crockett,* 3 B.R. 365, 368 (Bankr. N.D.Ill.1980)

(7) *Average of State Legal Rate of Interest and Contract Rate*

*In re Klein,* 10 B.R. 657, 662 (Bankr.E. D.N.Y.1981)

The United States Court of Appeals for the Eleventh Circuit, in *United States v. Southern States Motor Inns, Inc. (In re Southern States Motor Inns, Inc.),*[3] noted that "value, as of the effective date of the plan" is identical in Chapter 13[4] and section 1129(a)(9)(C) of the Bankruptcy Code.[5] The court stated:

> We believe Congress intended that creditors required to accept deferred payments pursuant to § 1129(a)(9)(C) should be placed in as good a position as they would have been had the present value of their claims been paid immediately. Consequently, we hold that the interest rate to be used in computing present value of a claim pursuant to § 1129(a)(9)(C) should be the current

market rate without any reduction for the "rehabilitation aspects" of the plan. 709 F.2d at 652–53.

Debtor proposes to pay twelve percent interest on Movant's secured claim. In the alternative, Debtor urges the Court to select an interest rate based upon either the prime rate, fifty-two week Treasury Bills, or certificates of deposit (one year term). Debtor demonstrated that the current interest rates are as follows:

| | |
|---|---|
| Prime Rate | 10.50% |
| 52–week Treasury Bills | 8.38% |
| Certificate of Deposit (one year term) | 8.24% |

■ Debtor contends that the twelve percent interest proposed in his plan is all that he can afford to pay. The Eleventh Circuit, however, in *In re Southern States Motor Inns, Inc.* stated:

> As noted in *In re Benford, supra,* a Chapter 13 case construing language identical to that found in § 1129(a)(9)(C) "[t]he statute reads 'value, as of the effective date of the plan'; it does not read 'value, as of the effective date of the plan, but subject to reduction depending on the debtor's ability to pay'." 14 B.R. at 161.

709 F.2d at 652.

The court continued stating:

> Obviously, a plan should not be confirmed unless it is feasible. The debtor's ability to pay, however, is irrelevant when the question is whether the plan provides for payment of the present value of a creditor's claim as required by § 1129(a)(9)(C).

709 F.2d at 653, n. 9. The Court is persuaded that Debtor's ability to pay should not be considered in determining the appropriate interest rate for present value purposes.

Trustee urges the Court to adopt the "legal rate of interest" as the appropriate method for determining present value. Trustee argues that a floating rate would be difficult for her to calculate and admin-

---

**3.** 709 F.2d 647 (11th Cir.1983), *cert. denied,* 465 U.S. 1022, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984).

**4.** *See* 11 U.S.C.A. § 1325(a)(5)(B)(ii) (West 1979 & Supp.1989).

**5.** 11 U.S.C.A. § 1129(a)(9)(C) (West Supp.1989).

ister. Trustee contends that the legal rate reasonably compensates secured creditors for the delay in receiving payments under the Chapter 13 plan. Trustee contends that the legal rate of interest is twelve percent per annum. *See* O.C.G.A. § 7–4–12 (1989) (State court judgments bear interest at twelve percent per year unless rendered on a written contract, in which case the judgment bears interest at rate specified in the contract); *contra* 28 U.S.C.A. § 1961(a) (West Supp.1989) (Money judgment in civil case in district court bears interest at rate based on fifty-two week United States Treasury Bills); *DuVoisin v. Anderson (In re Southern Industrial Banking Corp.*, 87 B.R. 518, 520 (Bankr.E.D.Tenn.1988) (Section 1961 applies to judgments rendered in bankruptcy courts which are units of the district courts).

The Court is aware that a floating interest rate, in addition to being administratively difficult for Trustee to administer, renders the preparation and determination of the feasibility of a debtor's plan quite complicated. *See United States v. Doud*, 869 F.2d at 1146.

Movant contends that the interest rate should be the same as the contract rate. Movant contends that any other rate is a renegotiation of the contract without the creditor's consent. Movant argues that Debtor agreed to pay the contract rate when he purchased the furniture. Finally, Movant contends that Congress presumes that the contract rate is the interest rate for present value purposes.

During the legislative process leading to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress specifically considered an amendment requiring the contract rate of interest to be paid and rejected it. 5 *Collier on Bankruptcy* ¶ 1325.06[4][b][iii][B] (15th ed. 1989). One amendment considered read as follows:

> Sec. 19. Section 1325(a) of title 11, United States Code, is amended—
>
> . . . .

(2) in paragraph (5)—

(A) by amending subparagraph (B)(ii) to read as follows:

"(ii) the value, as of the date of filing the plan, of property to be distributed under the plan is not less than the value determined under section 506(a) of this title and, if such value is to be paid in installments, *interest is to be paid at the rate specified in the consumer's contract;* or", and

H.R. 4786, 97th Cong., 1st Sess. § 19(2)(A) (1981) (emphasis added). The Court is persuaded that, in the early 1980's, Congress considered and rejected the requirement that the contract interest be paid.

The Court in *In re Klein* stated:

> Despite the presumption set forth in the legislative history, most of the reported decisions have declined to fix the discount rate at the interest rate stated in the security agreement. The rationale cited in the reported decisions is that the purpose of the discount rate is to protect the secured creditor from any loss caused to it due to the deferred payment of its claim. It is not the purpose of the discount rate to produce a lender's profit.

10 B.R. at 661.

Several courts have rejected the contract rate because it contains elements of profit rather than merely compensating the creditor for the time value of money. *See In re Corliss*, 43 B.R. at 179; *In re Mitchell*, 39 B.R. at 702.

■ The United States Court of Appeals for the Eleventh Circuit recently considered the present value requirements of section 1225(a)(5)(B)(ii) of the Bankruptcy Code.[6] In *Travelers Insurance Co. v. Bullington*,[7] the court stated: " 'Value' must be determined objectively. Simply because a creditor subjectively would not extend a mortgage on the same terms does not mean that objectively the mortgage does not have a given value." 878 F.2d at

---

**6.** 11 U.S.C.A. § 1225(a)(5)(B)(ii) (West Supp. 1989). The language of this section is almost identical to section 1325(a)(5)(B)(ii). *See In re Corley*, 83 B.R. 848, 851 (Bankr.S.D.Ga.1988) (Whatever "value, as of the effective date of the

plan," means, it means the same in Chapter 11, Chapter 12, and Chapter 13 proceedings).

**7.** 878 F.2d 354 (11th Cir.1989).

358. The rate at which a specific creditor lends money, therefore, is not the determining factor for present value purposes. Furthermore, Movant's entitlement to present value arises under and is governed by the Bankruptcy Code rather than by the contract between Movant and Debtor. The Bankruptcy Code, therefore, governs the appropriate rate of interest.

The Court is persuaded that the contract rate is not the appropriate rate of interest for present value purposes.

In the case at bar, Movant presented no evidence to establish the prevailing interest rate for any financial instrument other than that provided in the contract. Debtor has agreed to pay twelve percent per annum. This rate is higher than the alternative rates which Debtor presented. The Court believes that Movant will be fairly compensated by the twelve percent interest rate proposed by Debtor. The Court therefore concludes that Debtor's offer to pay twelve percent interest constitutes payment of present value.

Movant has not shown the Court that Debtor acted in bad faith when he purchased the furniture in April 1989.

An order in accordance with this memorandum opinion will be entered this date.

### ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the objection to confirmation of the plan of Byron M. Richards, Debtor, filed on the 1st day of September, 1989, by Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Furniture Company, Movant, hereby is overruled.