In the Matter of Sammy Lee
**GLADDIN, Debtor.**

**WAREHOUSE HOME FURNISHINGS
DISTRIBUTORS, INC. d/b/a Farmers
Furniture Company, Movant,**

v.

**Sammy Lee GLADDIN and Camille
Hope, Trustee, Respondents.**

**Bankruptcy No. 89–52058.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Nov. 28, 1989.

Sharon R. Jones, Milledgeville, Ga., for debtor.

Bruce M. Hofstadter, Macon, Ga., for movant.

Elizabeth McBrearty, Deputy Trustee, Macon, Ga., for trustee.

1. 11 U.S.C.A. § 506(b) (West Supp.1989).

## MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Sammy Lee Gladdin, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on August 17, 1989. Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Furniture Company, Movant, filed an objection to confirmation on September 14, 1989. Movant contends that Debtor's plan does not pay present value on Movant's oversecured claim because the plan does not propose to pay interest at the contract rate. The Court heard oral arguments on the issues on October 26, 1989.

Debtor purchased household furniture from Movant in February 1988, April 1988, and June 1988. Debtor signed three retail installment contracts giving Movant a security interest in the furniture purchased. The annual percentage rate on the February 1988 contract is 22.83. The annual percentage rate on the April 1988 contract is 23.13. The annual percentage rate on the June 1988 contract is 24.03. Movant's claim is oversecured.

Movant contends that section 506(b) of the Bankruptcy Code [1] requires that interest, at the rate specified in the contract, be paid on an oversecured claim during the term of a Chapter 13 plan. Camille Hope, standing Chapter 13 Trustee, contends that Movant is not entitled to interest at the contract rate. Debtor offers to pay twelve percent per annum on Movant's allowed secured claim.

Under section 506(b), a creditor is entitled to postpetition interest on an oversecured claim. Section 506(b) provides:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provid-

ed for under the agreement under which such claim arose.

11 U.S.C.A. § 506(b) (West Supp.1989).

First, the Court must consider the rate at which interest should accrue under section 506(b). Some courts hold that the interest rate provided in the contract should control. *E.g. Bank of Honolulu v. Anderson* (*In re Anderson*), 833 F.2d 834, 836 (9th Cir.1987) (Terms of the sale agreement should control). Other courts have selected a different rate. *E.g. In re Marx*, 11 B.R. 819, 821 (Bankr.S.D.Ohio 1981) (legal rate); *In re Minguey*, 10 B.R. 806 (Bankr. W.D.Wis.1981) (Ten percent because of equitable principles).

The United States Supreme Court considered the grammatical structure of section 506(b) in *United States v. Ron Pair Enterprise, Inc.*[2] In *Ron Pair*, the Supreme Court stated:

> The phrase "interest on such claim" is set aside by commas, and separated from the reference to fees, costs, and charges by the conjunctive words "and any." As a result, the phrase "interest on such claim" stands independent of the language that follows. "Interest on such claim" is not part of the list made up of "fees, costs, or charges," nor is it joined to the following clause so that the final "provided for under the agreement" modifies it as well. See *Best Repair Co. v. United States*, 789 F.2d 1080 at 1082 (4th Cir.1986). The language and punctuation Congress used cannot be read in any other way. By the plain language of the statute, the two types of recovery are distinct.

109 S.Ct. at 1031–32.

The Supreme Court also noted that, when the language of a statute, such as section 506(b), is clear, courts should enforce it according to its terms as long as a literal application of the statute does not produce a result demonstrably at odds with the intention of the drafters. 109 S.Ct. at 1029–31.

The plain language of section 506(b) does not require that interest be paid at the contract rate. It simply requires that interest be paid. The Court notes the following statements from Collier concerning *Ron Pair:*

> The same comma which had created an ambiguity as to the allowability of noncontractual postpetition interest under section 506(b) also has created some confusion as to the applicable rate of interest thereunder. Indeed, the Supreme Court's holding in *Ron Pair* that the phrase "provided for under the agreement under which such claims arose" does not qualify "interest on such claim," together with the Court's failure in that decision to address the rate at which interest should accrue under section 506(b), may result in additional uncertainty in the future. Nonetheless, postpetition interest should be computed at the rate provided in the agreement or law under which the claim arose, the so-called "contract rate" of interest. The great majority of courts which considered the issue prior to the *Ron Pair* decision utilized the contract rate, and that result appears consistent with prior case law. Indeed, several cases decided prior to *Ron Pair* reached the conclusion that the contract rate was applicable without relying on the "provided for under the agreement under which such claim arose" language. Section 506(b) does not have the type of express authorization, standards and protections contained in Bankruptcy Code provisions intended to permit modification of the rate at which interest accrues on secured claims. There is no basis upon which to infer from the language or purpose of section [506(b)] that such authorization is contained therein. Accordingly, modification of the rate of accrual of interest on secured claims should be limited to situations expressly provided for by the Bankruptcy Code. Unfortunately, the legislative history offers little guidance because, while evidencing a Congressional intent to codify pre-existing case law with respect to entitlement to reasonable fees, costs, or charges provided under

---

2. —— U.S. ——, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

the agreement under which the claim arose, it does not refer to interest. 3 *Collier on Bankruptcy* ¶ 506.05 (15th ed. 1989).

The Court is persuaded that interest allowable under section 506(b) should be computed at the rate provided for in the contract.

The Court will now consider whether Movant is entitled to section 506(b) interest after confirmation of Debtor's Chapter 13 plan. This issue requires the Court to consider the interplay of section 506(b) and section 1325(a)(5)(B)(ii) of the Bankruptcy Code.[3]

■ Section 506(b) permits a secured claim to include postpetition interest when the value of the collateral exceeds the amount of the allowed secured claim. *See In re Klein*, 10 B.R. 657, 661 (Bankr.E.D. N.Y.1981). This section allows an oversecured creditor to add interest that accumulates prior to confirmation to the secured claim awaiting distribution under the debtor's plan. *In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 828 (Bankr.S.D.N.Y. 1982). This postpetition interest actually becomes part of the secured claim and may accrue until the effective date of the plan. 3 *Collier on Bankruptcy* ¶ 506.05 (15th ed. 1989). Section 506(b) interest accrues from the date the petition is filed until the effective date of the plan. *In re Corliss*, 43 B.R. 176, 178–79 (Bankr.D.Or.1984).

The court in *In re Klein*[4] stated:

If a creditor is oversecured, it should, by virtue of 11 U.S.C. § 506(b), receive [postpetition] interest through the date of confirmation of the Plan. The deferral rate would be effective after confir-

mation. Therefore, there should be no lapse in the period in which an oversecured creditor is compensated, at least to some degree, for the delay in satisfaction of its claim.

Simply stated, section 506(b) interest becomes part of the allowed secured claim. It is the present value of this claim that must be paid under section 1325(a)(5)(B)(ii).

■ Section 1325(a)(5)(B)(ii) requires that payments under a Chapter 13 plan have a present value equal to the allowed secured claim. The purpose of the present value requirement is to compensate the creditor for the delay in receiving payment of the allowed secured claim. The present value requirement requires that the debtor pay interest on the claim throughout the payment period. *Warehouse Home Furnishings Distributors, Inc. v. Richards (In re Richards)*, 106 B.R. 762 (Bankr.M.D.Ga. 1989).

■ Movant contends that it is entitled to its contract rate of interest on its oversecured claim during the term of the Chapter 13 plan. A secured creditor, such as Movant, cannot, however, receive section 506(b) interest after confirmation. To hold otherwise would obligate Debtor to pay present value on unmatured interest and lead to payment of two forms of interest simultaneously. *In re Corliss*, 43 B.R. at 179; *In re Minguey*, 10 B.R. at 808.

The Court has reviewed the opinion in *In re Corliss*[5] and is persuaded that the issues there are quite similar to those in the case at bar. In *In re Corliss*, the court's analysis of the relationship of section 506(b) and section 1325(a)(5)(B)(ii) is well

---

**3.** 11 U.S.C.A. § 1325(a)(5)(B)(ii) (West 1979 & Supp.1989). Section 1325(a)(5) provides:
    (a) Except as provided in subsection (b), the court shall confirm a plan if—
    ....
    · (5) with respect to each allowed secured claim provided for by the plan—
    (A) the holder of such claim has accepted the plan;
    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
    (ii) the value, as of the effective date of the plan, of property to be distributed under the

plan on account of such claim is not less than the allowed amount of such claim; or
    (C) the debtor surrenders the property securing such claim to such holder; and
11 U.S.C.A. § 1325(a)(5) (West 1979 & Supp. 1989).

**4.** 106 B.R. 396, n. 7 (Bankr.E.D.Pa.1989). This case is not related to the New York *In re Klein* case previously cited.

**5.** 43 B.R. 176 (Bankr.D.Or.1984).

reasoned, and this Court agrees with that decision.

The Court is persuaded that, under section 506(b), Movant is entitled to interest on its allowed secured claim at the rate provided in the contract until confirmation of Debtor's Chapter 13 plan. After confirmation, section 1325(a)(5)(B)(ii) determines the rate of interest to be paid on Movant's allowed secured claim. Debtor proposes to pay interest at the rate of twelve percent per annum. In *In re Richards,* this Court held that interest at that rate meets the requirements of section 1325(a)(5)(B)(ii). Accordingly, Movant's objection must be overruled.

An order in accordance with this memorandum opinion will be entered this date.

SO ORDERED.