**In re Robert N. MASON d/b/a Cerro Indio Farms, Debtor.**

**Bankruptcy No. 90–21413.**

United States Bankruptcy Court, W.D. New York.

Aug. 2, 1991.

George M. Reiber, Rochester, N.Y., Chapter 12 Trustee.

John A. Bellusio, Rochester, N.Y., for debtor.

Christopher V. Taffe, Asst. U.S. Atty., Rochester, N.Y., for Farmers Home Admin.

Andrew J. Weidman, Rochester, N.Y., for Farm Credit of Western New York, ACA.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The Debtor, Robert Mason, has proposed a modified reorganization Plan pursuant to

11 U.S.C. § 1201 et seq. Objections to the modified Plan have been filed by Farmers Home Administration ("FmHA") and Farm Credit of Western New York, ACA ("Farm Credit"). The objections of FmHA and Farm Credit are sustained.

This Debtor is no stranger to the Bankruptcy Court. In 1986, he filed a Chapter 11 petition, which he then unsuccessfully attempted to have converted to a Chapter 12 case.[1] He then filed a Chapter 12 petition on July 22, 1988 which was dismissed on March 14, 1989. His present Chapter 12 petition was filed on July 9, 1990. It was then necessary to hold a hearing to determine the value of the Debtor's real property. By Order dated December 20, 1990, the Debtor's real property was valued at $504,535.[2]

The Debtor's farming operation is substantially the same as it was in 1986. He raises heifers for sale to dairy farms and raises corn, hay and wheat as feed and for sale.

As stated previously, the real property has a value of $504,535. Farm Credit has a fully secured first lien against it which on the date of filing was $342,618. FmHA has a partially secured lien which is valued at $161,382. The unsecured portion of FmHA's lien is $184,703. FmHA has a lien against the Debtor's livestock and equipment in the amount of their value, $127,550. Finally, the Debtor owes priority taxes in the amount of $12,000.

The Debtor has proposed the following Plan: He will pay the Chapter 12 trustee $8,000 per year for five years. From those funds, the priority taxes will be paid $12,000 plus 9% interest, the trustee's commission will be paid and FmHA's unsecured claim of $184,703 will receive the remaining funds, an approximate 8% to 10% dividend. To pay his secured debts, the Debtor proposes to sell four parcels of real property. He will sell the portion of his farm known as the Molner farm for $110,300. He will sell the portion of his farm known as the Vaughn farm for $60,000. He will sell two lots which have been approved for residential construction for $40,000. The only firm contract the Debtor has is for the sale of the Molner farm.

The proceeds of the sale after customary closing costs will go to pay down Farm Credit's first mortgage lien. Farm Credit will then have a secured claim of $144,120. The Debtor proposes to pay this outside the Plan over 30 years at 7% interest in monthly installments of $938. He proposes to pay FmHA's second lien beginning the second year of the Plan over 30 years at 5% in monthly installments of $550. FmHA's lien against the livestock and equipment will be paid outside the Plan over 30 years at 5% interest in monthly installments of $691.

Both FmHA and Farm Credit object to the Plan on the basis that it does not provide them with the present value of their allowed claims. Section 1225(a)(5)(B) provides the court shall confirm a plan over the objection of a secured creditor if the creditor will retain the lien securing its claim and will receive value, as of the effective date of the plan, that is not less than the allowed amount of the creditor's claim. *U.S. v. Doud*, 869 F.2d 1144 (8th Cir.1989). Therefore, to have a Chapter 12 Plan confirmed pursuant to § 1225(a)(5)(B) over a secured creditor's objection, the plan must provide for a payment as of the effective date of an amount which is of equivalent value to the creditor's allowed claim. In the simplest case, the Debtor would, on the effective date, pay the allowed amount of a secured creditor's claim in cash. If the Debtor is paying the creditor's claim over time through a stream of payments, the present value of that stream of payments must equal the allowed amount of the creditor's secured claim. *See 5 Collier on Bankruptcy* § 1225.03[4][c] at 1225–21 (15th ed. 1989). Most courts agree that the discount rate of "cramdown interest rate" to be paid is the prevailing market rate of interest. *See In re Fisher*, 930 F.2d 1361

---

1. *In re Mason*, 70 B.R. 753 (Bank.W.D.N.Y.1987) and *In re Mason*, 70 B.R. 757 (Bankr. W.D.N.Y.1987).

2. *In re Mason*, 121 B.R. 941 (Bankr. W.D.N.Y.1990).

(8th Cir.1991); *In re Fowler,* 903 F.2d 694 (9th Cir.1990); *U.S. v. Arnold,* 878 F.2d 925 (6th Cir.1989).

 The Debtor proposes to pay Farm Credit 7% interest and to pay FmHA 5% interest, both over 30 years. The Debtor has the burden of proving that such rates would offer both secured creditors the present value of their allowed claims. *In re Wright,* 103 B.R. 905 (Bankr.M.D.Tenn. 1989). The Debtor offered no testimony or other evidence to support his claim that these were appropriate interest rates. In contrast, Farm Credit offered the testimony of Mark D. Logan who testified at the valuation hearing that he was familiar with current mortgage rates being charged in this local for farm property. He believed the current rate of interest for such loans was between 10.25% to 13.75%. At the time of the valuation hearing, the Debtor did not choose to cross-examine Mr. Logan as to his testimony regarding mortgage interest rates. The Debtor stipulated that Mr. Logan would not have to return to testify at the confirmation hearing.

The Debtor's post-confirmation hearing memorandum of law now requests the Court hold a third hearing to determine whether the interest rates offered to FmHA and Farm Credit are appropriate rates. Farm Credit filed an objection to the Debtor's original Plan on the grounds the 8% interest rate proposed in the Plan was inadequate. That objection was filed on October 31, 1990. The Debtor's modified Plan proposes a lower interest rate, 7%. Farm Credit filed an objection to the modified Plan on March 14, 1991. FmHA filed its objection to the modified Plan on February 21, 1991. The confirmation hearing on the modified Plan was held on April 15, 1991. The Debtor was well aware of these objections and was also aware of Farm Credit's expert's testimony. The Debtor failed to offer any evidence to support the 5% and 7% interest rates it proposes to pay his secured creditors. The Debtor should have addressed this issue at the time of the hearing, and he will not be granted a third hearing. The Debtor's proposed Plan does not comply with

§ 1225(a)(5) and therefore, cannot be confirmed and it is so ordered.