# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2158

_____

| | | |
|---|---|---|
| Household Automotive Finance, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Paul Bernard Gorham, Jr.; | * | |
| Dana Jai Gorham; | * | [UNPUBLISHED] |
| | * | |
| Appellees, | * | |
| | * | |
| Richard V. Fink, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 6, 2001
Filed: December 11, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

This matter arises from the Chapter 13 bankruptcy of Paul and Dana Gorham. In their Chapter 13 plan, the Gorhams elected to retain an automobile financed through Household Automotive Finance Corporation (HAFC), pursuant to the "cram-down" option of 11 U.S.C. § 1325(a)(5)(B). The plan proposed that the Gorhams would pay HAFC interest at a rate of 9%, as determined by Local Rule for the United

States Bankruptcy Court for the Western District of Missouri 3084-1.E. The local rule rate is calculated based on the 30-year treasury bond rate for a specified date, plus 2% nominal interest, and is referred to as the "Chapter 13 rate." HAFC objected to the plan's proposed interest rate, arguing that the appropriate rate was the 20.95% contract rate.

The bankruptcy court[1] denied HAFC's objection, holding that Rule 3084-1.E was a reasonable means of determining the appropriate interest rate in Chapter 13 cases, and that HAFC's proposed rate improperly accounted for profit and overhead. HAFC appealed the decision to the district court,[2] and the district court affirmed. In this appeal, HAFC argues that the bankruptcy court did not consider the evidence presented; and even if it did, it erred in concluding that the Chapter 13 rate was appropriate.

We find the bankruptcy court reviewed the evidence before it and concluded that the Chapter 13 rate was appropriate in the circumstances, and that HAFC's proposed rate was too high. Further, we find no clear error in the bankruptcy court's conclusion that the Chapter 13 rate was reasonable. See United States v. Doud, 869 F.2d 1144, 1146 (8th Cir. 1989) (appropriate rate consists of risk-free rate plus additional reasonable interest to compensate creditor for risk of default; reviewing determination of proper rate for clear error). Accordingly, we affirm the judgment of the district court.

---

[1]The Honorable Frank W. Koger, United States Bankruptcy Judge for the Western District of Missouri.

[2]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.